UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-60341-CIV-COOKE/HUNT

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

        Plaintiffs,

v.

KIDKRAFT, LP; and
MIDOCEAN PARTNERS, LP,

        Defendants.

_____/

### DEFENDANTS' MOTION TO STAY DISCOVERY PENDING THE COURT'S DETERMINATION OF THEIR MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 26(c), Defendants KidKraft, Inc. and MidOcean Partners IV, L.P. (collectively, "Defendants") respectfully request that the Court temporarily stay discovery pending resolution of their Motion to Dismiss [ECF 15]. A brief stay will not harm Plaintiffs, who seek only monetary relief and waited over two years to bring their claim. On the other hand, granting a stay will protect Defendants from having to incur substantial costs to undertake antitrust discovery in this meritless case.

In *Twombly*, the Supreme Court emphasized that meritless antitrust claims should be dismissed at the pleading stage—*before discovery*—because "proceeding to antitrust discovery can be expensive." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). In a passage that could have been written about this case, the Court explained that the pleading standard set forth in *Twombly* "serves the practical purpose of preventing a plaintiff with a largely groundless claim from taking up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* (internal quotations omitted).

Defendants' Motion to Dismiss exposes the baselessness of Plaintiffs' claims. Indeed,

the Complaint's allegations fall so far short of demonstrating harm to competition that Plaintiffs were forced in their Opposition to rely on made-up claims of conduct that were not alleged at all in the Complaint. *See* Reply at 1-2 [ECF 17]. And Plaintiffs know that they cannot make such factual allegations in a complaint consistent with Rule 11, so they have not sought leave to amend. Instead, as foreshadowed by *Twombly*, Plaintiffs hope to kick off massive antitrust discovery to impose costs on Defendants that will far outweigh the value of any credible claim here.

Similarly, Plaintiffs seek to impose unjustifiable costs on MidOcean—the private equity firm that majority-owns and controls KidKraft—by deceptively omitting facts about this corporate relationship from the Complaint. Plaintiffs intentionally omitted the publicly available facts about this corporate relationship in the hope of sneaking past the pleading threshold in order to ramp up discovery costs on Defendants.

The Court should not reward Plaintiffs' sharp practices. To allow Plaintiffs to proceed to antitrust discovery while Defendants' meritorious Motion to Dismiss is pending would invite precisely the misbehavior against which *Twombly* cautioned. 550 U.S. at 546. On the other hand, a brief stay will further the interests of efficiency while causing no harm to any party.

## I.   LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued; and (4) whether issuing a stay would be in the public interest. *Guirola–Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987).

As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where dubious claims appear destined for dismissal. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). While the local rules provide that a stay of discovery pending the determination of a motion to dismiss

2

is the exception rather than the rule, *see* S.D. Fla. L.R. App. A, Discovery Practices Handbook I.D(5), a stay of discovery can be appropriate where the resolution of the motion will dispose of the entire case. *See, e.g.*, *Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). Moreover, because the costs of discovery in antitrust cases are inevitably substantial, it is particularly important to weed out meritless antitrust claims at the pleading stage. *Twombly*, 550 U.S. at 546; *see also DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (relying on *Twombly* in granting motion to stay discovery pending outcome of motion to dismiss in antitrust litigation); *In re Graphics Processing Units Antitrust Litig.*, MDL No. 1826, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) ("to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*").

To evaluate whether there is a strong likelihood "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court should take a "preliminary peek" at the merits of the motion. *Dayem on behalf of Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)).

## II. ARGUMENT

### A. Defendants' Motion to Dismiss Is Meritorious.

A "preliminary peek" at Defendants' Motion to Dismiss demonstrates that it is meritorious, as it demonstrated that Plaintiffs' claims fail as a matter of law. The only conduct by KidKraft that is alleged in the Complaint is its termination of OJC as a retailer of KidKraft toy kitchens. Compl. ¶¶ 32-36. It is beyond dispute, however, that a manufacturer—even an alleged monopolist—has broad freedom to determine the persons with whom it will deal and, in particular, the distributors through which its products are sold. *See* Motion to Dismiss at 1-2, 5-9. Plaintiffs' Complaint should be dismissed because it fails to offer any factual allegations showing that KidKraft's termination of a single retailer was anything other than an exercise of its right, or that it caused any harm to competition—an essential element of all of Plaintiffs' antitrust claims (Claims I – IV). *Id.* at 5-9; Reply at 2-3. Indeed, Plaintiffs offer no factual allegations suggesting that KidKraft's termination of OJC as a retailer of KidKraft toy kitchens harmed Naomi Home's ability to sell its own toy kitchens. Nor do Plaintiffs offer

any factual allegations plausibly suggesting that KidKraft's termination of OJC caused harm to competition in the alleged nationwide market for the sale of toy kitchens.

In their Opposition, Plaintiffs effectively acknowledged the merits of Defendants' Motion to Dismiss, as they did not even to attempt to show that the Complaint's allegations show harm to competition. *See* Reply at 1-3. Instead, Plaintiffs pivoted to a made-up story—not alleged in the Complaint—about KidKraft supposedly threatening other retailers or impeding Naomi Home's ability to find distribution for its toy kitchens. *See* Reply at 1-2. That is utter nonsense. But more importantly for purposes of this Motion, it demonstrates the merits of the Motion to Dismiss, as Plaintiffs effectively concede that their Complaint cannot survive without an infusion of unpled facts.

The other grounds in the Motion to Dismiss are equally meritorious. For example, Plaintiffs' antitrust claims should be dismissed because they have alleged no facts showing barriers to entry or any other market dynamics that could plausibly support a conclusion that KidKraft has market power. *See* Motion to Dismiss at 9-11; Reply at 6-7. Instead, the Complaint relies on a bare allegation of market share (Compl. ¶ 13), which is insufficient as a matter of law to show that KidKraft has market power. *See* Motion to Dismiss at 9-11; Reply at 6-7.

Further, Plaintiffs have attempted to concoct a conspiracy between MidOcean, a private equity firm, and KidKraft, which is majority-owned and controlled by MidOcean. Plaintiffs offer no facts plausibly suggesting an agreement among two or more separate entities, which dooms their antitrust conspiracy claims under the rule of *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767 (1984) (Claims III–IV). *See* Motion to Dismiss at 11-12; Reply at 7-9. For similar reasons, Plaintiffs' state law tortious interference claim against MidOcean fails as a matter of law because MidOcean is not a stranger to the business relationships of its portfolio company. Therefore, as a matter of law, MidOcean cannot have tortiously interfered with those relationships. *See, e.g., Volvo Aero Leasing, LLC v. VAS Aero Servs., LLC*, 2019 WL 1142330, at *3 (Fla. Dist. Ct. App. Mar. 13, 2019). *See* Motion to Dismiss at 12-14; Reply at 9-10. Plaintiffs offer no meaningful response, instead arguing that the facts about the relationship between MidOcean and KidKraft are "missing" from the Complaint. *See* Opp. at 18 [ECF 16]. Obviously, however, the omission of well-known and

case-dispositive facts is not a substitute for factual allegations that could carry Plaintiffs across the pleading threshold on essential elements of their claims.

Because a preliminary peek at the merits of Defendants' Motion to Dismiss reveals it is meritorious and case dispositive, this is a case in which the Court should grant a stay of discovery to prevent unnecessary and costly discovery. *See, e.g., Dayem on behalf of Dayem v. Chavez*, No. 13-62405-CIV, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (Cooke, J.); *Padilla v. Porsche Cars N. Am., Inc.*, No. 18-24988-CIV, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) (Moreno, J.) (staying discovery pending resolution of a motion to dismiss until the court resolved case dispositive issues raised in Rule 12(b)(6) motion to dismiss); *McCabe v. Foley*, 233 F.R.D. 683, 85 (M.D. Fla. 2006); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (staying discovery where motion to dismiss raised "a threshold legal issue that is case-dispositive"). It is "all the more imperative" for this Court to rule on the motion to dismiss before allowing discovery where, as here, "the contested claim is especially dubious." *Chudasama*, 123 F.3d at 1368; *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (staying discovery pending a motion to dismiss raising "largely a facial challenge on the legal sufficiency" of the complaint).

**B.     A Brief and Temporary Stay of Discovery Will Not Prejudice Plaintiffs.**

A brief stay of discovery pending resolution of the Motion to Dismiss will cause Plaintiffs no harm. Plaintiffs seek only monetary relief. And they waited over two years after the challenged conduct—the November 2016 termination of OJC as a retailer of KidKraft toy kitchens—to bring their lawsuit. *See* Compl. ¶¶ 33-34. The Motion to Dismiss is fully briefed, so a stay until the Motion is decided will be short relative to the time Plaintiffs waited before bringing their claims. *See Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (Cooke, J.) (holding that plaintiffs will not be prejudiced by temporary stay in discovery "since a decision is expected within the year"); *McCabe*, 233 F.R.D. at 687 ("[T]he Court does not agree that [p]laintiff will be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided.").

5

48776945;1

### C. Irreparable Harm to the Defendants and the Public Interest Weighs Strongly in Favor of a Stay.

If Defendants are forced to engage in the time and expense of searching for and compiling documents and subjecting their employees to the burdens of antitrust discovery in response to these meritless claims, they will incur substantial costs that they will never recover. Moreover, KidKraft faces the risk of irreparable harm to its business if it is subjected to fishing expeditions by a competitor into sensitive business information, particularly when Plaintiffs have alleged neither anticompetitive conduct nor harm to competition to support their dubious claims.

In contrast to the absence of any harm to Plaintiffs from a brief stay, there would be real waste of party and judicial resources as a result of engaging in discovery before the Motion to Dismiss is decided. In addition, a brief stay in these circumstances would serve the public interest by deterring unscrupulous companies from using baseless complaints and antitrust discovery as weapons against their business counterparties. As the Eleventh Circuit explained in *Chudasama*:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.

123 F.3d at 1368. Plaintiffs have indicated their intent promptly to embark on extensive discovery. The public interest will be served if the Court nips this abuse in the bud.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an Order temporarily staying discovery until the Court rules on Defendants' pending Motion to Dismiss.

DATED: May 2, 2019                    Respectfully submitted,

*/s/ Joshua Lipton*
Joshua Lipton (*Pro Hac Vice* pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8500

**Facsimile:    202.467.0539**
**jlipton@gibsondunn.com**

**Scott K. Hvidt (*Pro Hac Vice* pending)**
**GIBSON, DUNN & CRUTCHER LLP**
**2100 McKinney Avenue, Suite 1100**
**Dallas, Texas  75201-6911**
**Telephone:  (214) 698-3100**
**Facsimile:  (214) 698-3400**
**shvidt@gibsondunn.com**

**-and-**

**Lawrence D. Silverman, Esq.**
**Florida Bar Number:  7160**
**Email:  lawrence.silverman@akerman.com**
**Alexandra M. Mora, Esq.**
**Florida Bar Number:  052368**
**Email:  alexandra.mora@akerman.com**
**AKERMAN LLP**
**Three Brickell City Centre**
**98 Southeast Seventh Street**
**Suite 1100**
**Miami, FL  33131**
**Phone:  (305) 374-5600**
**Fax:  (305) 374-5095**

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 24th day of April, 2019, I and other counsel for Defendants conferred with Plaintiffs about staying discovery during the pendency of Defendants' Motion to Dismiss. Plaintiffs' counsel informed Defendants' counsel they would not agree to a stay of discovery during the pendency of Defendants' Motion.

*/s/ Joshua Lipton*
Joshua Lipton

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of May, 2019, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alexandra M. Mora*
Alexandra M. Mora

48776945;1