UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60341-Civ-COOKE/HUNT

OJ COMMERCE LLC, *et al.*,

    Plaintiffs,

vs.

KIDKRAFT LP, *et al.*,

    Defendants.

_____/

### ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL DEADLINES

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report, it is hereby **ORDERED** as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing Monday, **August 3, 2020, at 9:30 a.m.**, before the undersigned United States District Judge at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida. Calendar Call will be held on Wednesday, **July 29, 2020, at 3:00 p.m.**, at the same location. The case will be assigned to the standard case management track.

2. **Pretrial Conference**. No Pretrial Conference will be held in this action, unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order will remain unaltered.

3. **Pretrial Deadlines**. The pretrial deadlines are as follows:

**November 22, 2019**: Joinder of parties and claims, and amendment of pleadings.

**January 31, 2020**: Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed must be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten days of receipt or other notice of new or revised information.

**February 21, 2020**:   All <u>fact</u> discovery must be completed.

**February 28, 2020**:   All dispositive <u>and</u> other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1.A.1 and accompanying memoranda of law, must be filed.

**March 6, 2020**:   Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff must make its experts available for deposition by the Defendant.

**March 20, 2020**:   Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant must make its experts available for deposition by the Plaintiff.

**April 3, 2020**:   All <u>expert</u> discovery must be completed.

**April 10, 2020**:   All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed.

**April 17, 2010**:   Mediation must be completed. The Court has attached an Order of Referral to Mediation.

**June 26, 2020**:   (a) A Joint Pretrial Stipulation must be filed. The stipulation must conform to Local Rule 16.1(c) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for *voir dire* examination. The pretrial stipulation must also include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. A copy of the joint pretrial stipulation must be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A Joint Summary of the Parties' Motion(s) *in Limine* must be **separately filed**. The joint summary must contain a cover page providing the style of the case and an index of the motion(s) *in limine*. For each evidentiary issue, the joint summary must include: a one-page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one-page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence. The parties must work together to prepare the joint summary and are encouraged to resolve evidentiary issues through stipulation. Motions *in limine* will not be accepted in any other form.

**July 24, 2020**:   (a) Final proposed jury instructions and verdict form must

filed.[1] The parties must submit a SINGLE, JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question must be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object must be italicized. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object must be bold-faced. Each jury instruction must be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction must also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties may utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form must be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A trial witness list indicating each witness who will testify at trial, a one-sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination;

(c) A list of witnesses with some identifying information (address or place of employment) to provide to jury; and

(d) Proposed *Voir Dire* questions specific to the case (general *voir dire* questions should not be included).

(e) Any proposed deposition designations, cross-designations, and objections therein. Parties must submit their designations in one table, with columns listing the witnesses' names, the deposition dates, the proposed designations by page and line, and any objections using the codes listed in Local Rule 16.1(e)(9).

4. **Trial Instructions**. All exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically preceded by the letter "P." Defendant's exhibits must be marked numerically preceded by the letter "D." For example, Plaintiff's exhibit will be marked P-1, P-2, P-3 etc. Likewise, Defendant's exhibit will be marked D-1, D-2, D-3 etc. A typewritten exhibit list setting forth the number and letter, and description of each exhibit must be submitted at the time of trial. The parties must submit said exhibit list on Form AO 187, which is available from the Clerk's office.

5. **Motion for Continuance**. A Motion for Continuance must not stay the

---

[1] If this action is to be set for a bench trial the Parties are directed to submit proposed findings of fact and conclusions of law in lieu of proposed jury instructions.

requirement for the filing of a Pretrial Stipulation and, unless an emergency arises, a motion for continuance will not be considered unless it is filed at least 14 days prior to the date on which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

6. **Non-Compliance**. Non-compliance with any provision of this Order may subject the offending party to sanctions, including denial of the motion, dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth above to insure an expeditious resolution of this cause.

7. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 13th day of May 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60341-Civ-COOKE/HUNT

OJ COMMERCE LLC, *et al.*,

    Plaintiffs,

vs.

KIDKRAFT LP, *et al.*,

    Defendants.

_____/

### ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for the two-week period commencing **August 3, 2020**, pursuant to Federal Rule of Civil Procedure 16 and Southern District Local Rule 16.2, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. All parties are required to participate in mediation. The mediation must be completed no later than **April 17, 2020**.

2. Plaintiff's counsel, or another attorney agree upon by all counsel of record and any unrepresented parties, will be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator within 15 days from the date of this Order and notify the Court. If the parties are unable to agree upon a mediator, Plaintiff's counsel shall promptly notify the Clerk in writing and the Clerk will designate a mediator from the List of Certified Mediators, which designation will be made on a blind rotation basis.

3. A place, date and time for mediation convenient to the mediator, counsel of record, and unrepresented parties must be established. The Plaintiff's attorney must complete the attached proposed Order Scheduling Mediation and submit it to the Court no

later than 30 days before the mediation.

4. The appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, must attend.

5. All discussions, representations, and statements made at the mediation conference will be confidential and privileged.

6. At least ten days prior to the mediation date, all parties must present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries must be served on all other parties.

7. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order. The mediator must report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator will be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation will be shared equally by the parties unless otherwise ordered by the Court.

9. If a full or partial settlement is reached in this case, counsel must promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement signed by counsel of record within ten days of the mediation conference. Thereafter the parties must forthwith submit an appropriate pleading concluding the case.

10. Within five days following the mediation conference, the mediator must file a Mediation Report indicating whether all required parties were present. The report must also indicate whether the case settlement (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11. If mediation is not conducted, sanctions may be imposed.

**DONE and ORDERED** in Chambers, Miami, Florida, this 13th day of May 2019.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-60341-Civ-COOKE/HUNT**

OJ COMMERCE LLC, *et al.*,

    Plaintiffs,

vs.

KIDKRAFT LP, *et al.*,

    Defendants.

_____/

**ORDER SCHEDULING MEDIATION**

    The mediation conference in this matter will be held with _____ on _____, 20\_\_, at _____ .m. at _____ _____, Florida.

    ENTERED this \_\_\_ day of _____, 20\_\_.

 

                                                     _____
                                                     Honorable Marcia G. Cooke
                                                     UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of Record*