# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CV-60341-CIV-COOKE/HUNT

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

        Plaintiffs,

v.

KIDKRAFT, LP; and
MIDOCEAN PARTNERS, LP,

        Defendants.

_____/

## JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER AND STIPULATION TO CONFIDENTIALITY AGREEMENT

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties (i) jointly move this Court for the entry of the attached Agreed Protective Order and (ii) hereby stipulate and agree to the following Confidentiality Stipulation.

## STIPULATION TO CONFIDENTIALITY AGREEMENT

This Stipulation to Confidentiality Agreement ("Stipulation") is entered into by and among OJ COMMERCE LLC ("OJ Commerce") and NAOMI HOME, INC. ("Naomi Home"), through counsel Boies Schiller Flexner LLP and Shlomo Y. Hecht, P.A., and KIDKRAFT, INC. ("KidKraft") and MIDOCEAN PARTNERS IV, L.P. ("MidOcean"),

1

through counsel Gibson, Dunn & Crutcher LLP and Akerman LLP.  OJ Commerce, Naomi Home, KidKraft and MidOcean will be referenced herein collectively as the "Parties" and each as a "Party."

### *Materials Covered*

1.    This Stipulation applies to all information and materials disclosed during the course of this action (the "Litigation") by any party or non-party, including information disclosed:  (a) in discovery, hearing, trial, or appeal; (b) in any pleading, document, affidavit, declaration, brief, motion, transcript, or other writing; or (c) in testimony given in a deposition, hearing, or trial, and any copies, notes, abstracts or summaries of such information.  The materials identified in subparagraphs (a) through (c), including any information derived therefrom, are referred to in this Stipulation collectively as "Litigation Materials."

### *Confidential Information*

2.    For purposes of this Stipulation the term "Confidential Information" shall mean any information that the producing Party believes in good faith contains non-public, sensitive or confidential information which that Party believes should not be disclosed publicly.  The term "Highly Confidential Information" shall mean any information that the producing Party believes in good faith cannot be disclosed without threat of competitive injury, because such Highly Confidential Information is believed to be proprietary, highly commercially sensitive, or trade secret information.  Highly Confidential Information may include, but is not limited to, technical or scientific information, financial information, business information, marketing information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, and trademarks.

3.    This Stipulation shall apply to any documents, testimony or information

49282673;2

produced during this action which is asserted by the Parties as containing or constituting confidential information.  Information, documents or testimony subject to this Stipulation shall be referred to herein as Confidential Information or Highly Confidential Information, as described above.   Information, documents or testimony will be designated by the Parties by writing/stamping the term "Confidential" or "Highly Confidential" on the document in such a manner as will clearly designate the material as falling within this Stipulation.

4.      Except as otherwise provided herein, Confidential Information and Highly Confidential Information shall remain at all times in the custody of the counsel of record and shall not be disclosed by the receiving person to any person other than as specifically permitted in this Stipulation.   Confidential Information and Highly Confidential Information will be used by any receiving person solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

### *Designation of Litigation Materials*

5.      Documents or other tangible Litigation Materials (apart from depositions and pre-trial testimony) produced by a party or non-party may be designated as "Confidential" or "Highly Confidential" by any Party through either:  (i) stamping or affixing the legend "Confidential" or "Highly Confidential" to each page containing Confidential Litigation Material or Highly Confidential Litigation Material at or before production or within 45 days from the execution of this Stipulation, whichever is later; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Litigation Material (*e.g.,* CD-ROM, floppy disk, DVD). All such designated materials

must be marked in the load file so that these files can be readily identified by counsel.

6.      Deposition or other pre-trial testimony may be designated as "Confidential" or "Highly Confidential" through any one or more of the following means: (i) by stating orally on the record that the information is "Confidential" or "Highly Confidential" on the day the testimony is given; (ii) by sending written notice to all Parties designating information as "Confidential" or "Highly Confidential" within 10 court days after receipt of a copy of the transcript from the court reporter or within 45 days from the execution of this Stipulation, whichever is later; or (iii) by stamping or affixing the legend "Confidential" or "Highly Confidential" on the relevant portion(s) of the transcript at or before the signing of the transcript by the witness.  All information disclosed during a deposition shall be deemed to have been designated "Confidential" until the expiration of the time within which the witnesses may sign the transcript, whether or not any portion of the transcript has been designated previously.

7.      Where only a portion of Litigation Materials is designated as "Confidential" or "Highly Confidential," counsel claiming such confidentiality shall designate only the parts of any such materials for which confidentiality is claimed.

8.      Inadvertent failure to designate Litigation Materials as "Confidential" or "Highly Confidential" at the time of production or disclosure shall not operate to waive a party's right to later designate such Litigation Materials as "Confidential" or "Highly Confidential."

9.      The designation of Litigation Material as "Confidential" or "Highly Confidential" shall constitute a representation that such Litigation Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

10.     Each Party or Non-Party that designates information or items for protection under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Party designating the material as

"Confidential" or "Highly Confidential" shall designate only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation. Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating Party to sanctions. If it comes to a designating Party's attention that information or items that it designated as "Confidential" or "Highly Confidential" do not qualify for such designation, that designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

### *Limitations on Use*

11.     The parties agree that "Confidential" or "Highly Confidential" Litigation Materials shall be used solely and exclusively for the purposes of this Litigation styled, *OJ Commerce, LLC and Naomi Home, Inc. v. KidKraft, Inc. and MidOcean Partners IV, L.P.,* United States District Court, Miami Division, Case No. 19-cv-60341-CIV-Cooke/Hunt, including any appeals arising from this Litigation. **The parties further agree that "Confidential" or "Highly Confidential" Litigation Materials shall not either directly or indirectly, in whole or in part, be revealed, reproduced, disseminated, or disclosed in any manner or made available for inspection and copying, to any individuals or entities except in accordance with this Stipulation.**

### *Treatment of "Confidential" and "Highly Confidential" Litigation Materials*

12.     No copy of "Confidential" or "Highly Confidential" Litigation Materials shall be made except to the extent necessary for the preparation and conduct of the Litigation, including discovery, mediation, motion practice, trial, or appeal. Any person responsible for making such copies must ensure that all such copies adequately reflect

the appropriate designations.

13.    "Confidential" Litigation Materials, including any copies, notes, abstracts, or summaries, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

(a)    the Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

(b)    counsel of record to the Parties in the Litigation and the partners, associates, paralegals, and support staff who are employed by such counsel, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation, and to whom disclosure is necessary;

(c)    Parties, and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

(d)    subject to Paragraph 15, witnesses or deponents, and their counsel;

(e)    subject to Paragraph 16, experts or consultants retained by the parties or their counsel to assist counsel for the Parties to prepare the Litigation for trial and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

(f)    Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; and

(g)    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing Party who provided the Litigation Material being disclosed, and provided that such

person signs an undertaking in the form attached as Exhibit A hereto.

14.    "Highly Confidential" Litigation Materials, including any copies, notes, abstracts, or summaries, shall be maintained in confidence on an outside-counsel-only basis by the outside counsel to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

(a)    the Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

(b)    outside counsel of record to the Parties in the Litigation and the partners, associates, paralegals, and support staff who are employed by such counsel, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation, and to whom disclosure is necessary;

(c)    subject to Paragraph 16, experts or consultants retained by the parties or their counsel to assist counsel for the Parties to prepare the Litigation for trial and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

(d)    Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; and

(e)    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing Party who provided the Litigation Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

15.    Notwithstanding Paragraphs 13 and 14, "Confidential" or "Highly Confidential" Litigation Materials may be provided to persons listed therein (other than the Court, the court reporter, or an attorney acting as counsel to a Party to the Litigation or an employee of such counsel), only after: (i) they confirm their understanding and

agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing the Certificate of Acknowledgment of and Stipulation to Be Bound by Confidentiality Stipulation ("Certificate") in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.  Counsel for the Party showing, providing, or disclosing "Confidential" Litigation Material or "Highly Confidential" Litigation Material to any person required to execute a Certificate pursuant to this paragraph shall be responsible for obtaining such signed Certificate and retaining the original, executed copy thereof.

16.     Notwithstanding Paragraph 13(e) and 14(c) above, "Confidential" Litigation Material or "Highly Confidential" Litigation Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Litigation Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing a Certificate in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing "Confidential" Litigation Material or "Highly Confidential" Litigation Material to any person required to execute a Certificate pursuant to this paragraph shall be responsible for obtaining such signed Certificate and retaining the original, executed copy thereof.

17.     To the extent that testimony is sought concerning "Confidential" Litigation Material or "Highly Confidential" Litigation Material during any deposition or in any other pre-trial venue, any Party may exclude any person (except for another party or in house counsel) from the deposition or other venue during such testimony if the

8

Confidential Litigation Material or Highly Confidential Litigation Material may not be disclosed to such person under the terms of this Stipulation.

18.     Under no circumstances shall a party knowingly provide an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to "Confidential" Litigation Material or "Highly Confidential" Litigation Material absent further order of the Court or consent of the producing Party.  "Competitors" as used in this paragraph do not include the parties and are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.  The terms of Paragraph 19 shall apply in the event that a party inadvertently discloses "Confidential" or "Highly Confidential" Litigation Material to an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing.

*Inadvertent Disclosure and Production*

19.     In the event that Litigation Materials designated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Stipulation, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure to counsel of record for the party who initially so designated the Litigation Materials as "Confidential" or "Highly Confidential" and shall also describe the circumstances of the unauthorized disclosure.

20.     In the event documents which are claimed to be "Confidential" or "Highly Confidential" are inadvertently produced without the appropriate designation the producing Party may notify in writing the Party to whom the production has been made that the Litigation Material constitutes "Confidential" or "Highly Confidential" Litigation Material.  Upon receipt of this written notice, the Parties shall thereafter mark and treat the Litigation Material so designated as Confidential or Highly Confidential Litigation

Material, and such Litigation Material shall be fully subject to this Stipulation from the date of such written notice forward.  In addition, upon receiving such written notice, any receiving Party that disclosed the Litigation Material prior to its designation as "Confidential" or Highly Confidential" shall exercise its best efforts (i) to ensure the return or destruction of such Litigation Material, (ii) to ensure that any documents or other materials derived from such Litigation Material are treated as if the Litigation Material had been designated as "Confidential" or Highly Confidential" when originally produced, and (iii) to ensure that such Litigation Material is not further disclosed except in accordance with the terms of this Stipulation.

21.    The inadvertent production of any documents or giving of any testimony claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of any such confidentiality.

22.    The Parties do not intend to disclose information subject to a claim of attorney-client privilege, work product designation, or any other privilege or protection. If a Party, or producing non-party ("Disclosing Party") inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information") to another party ("Receiving Party"), it shall promptly notify the Receiving Party and the following provisions will apply:

a. The disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture in this proceeding or any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

b. If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall:

      i.    immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and

     ii.    shall return or certify the destruction of, within five (5) days, all copies of the Inadvertently Disclosed Information, including any documents created by the Receiving Party based upon such information to the Disclosing Party.

c.   The Receiving Party may move the Court for an order permitting it to retain and use the Inadvertently Disclosed Information. Such motion must be made within ten (10) days after the Disclosing Party first provides notice to the Receiving Party of the Inadvertently Disclosed Information. A motion filed by the Receiving Party under this provision may reference the contents of and attach the challenged discovery material or information in any related submissions to the Court, provided the filing is made under seal. The Receiving Party (i) may while the motion is pending, keep, but must not use or disclose, the Inadvertently Disclosed Information until the claim is resolved; and (ii) must take reasonable steps to retrieve the Inadvertently Disclosed Information if the Receiving Party disclosed it before being notified by the Disclosing Party.

If the Receiving Party discovers that it has received Inadvertently Disclosed Information, it shall immediately inform the Disclosing Party and follow the same procedures above. Where the Parties agree, or the Court orders, that Inadvertently Disclosed Information is protected by the attorney-client, work product, or any other privilege, and such material was originally produced in electronic format on media containing production materials, the producing Party or non-party shall promptly provide replacement production media, omitting the privileged material, to the receiving Party.

49282673;2

*Use in Court and Depositions*

23.     Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be filed with the Court unless it is necessary to do so for purposes of trial, hearings, motions, or appeals.  A Party that seeks to file under seal any Confidential Litigation Material or Highly Confidential Litigation Material must comply with the applicable civil rules and S.D. Fla. L.R. Rule 5.4.  Confidential Litigation Material or Highly Confidential Litigation Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Litigation Material or Highly Confidential Litigation Material.  If a Party's motion to file Confidential Litigation Material or Highly Confidential Litigation Material under seal is denied by the court, then the receiving Party may file the information in the public record unless otherwise instructed by the court.

24.     If a Party's motion to file Confidential Litigation Material or Highly Confidential Litigation Material under seal is granted by the court, all such information or materials which comprise or contain "Confidential" or "Highly Confidential" information shall be filed in accordance with the procedures set forth in S.D. Fla. L.R. 5.4(b)(1).

25.     With respect to the examination of witnesses upon oral or written deposition, when information designated as "Confidential" or "Highly Confidential" is supplied, the court reporter shall be directed by the party using the information at the deposition to bind the designated testimony and/or exhibits in a separate volume and mark the volume "**CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER**."  The party using "Confidential" or "Highly Confidential" Litigation Materials shall notify the court reporter of this Stipulation and the requested Order.  Whenever Litigation Materials designated as "Confidential" or "Highly Confidential" are to be discussed or disclosed in a deposition, any person may require the exclusion from the room of any person who is not entitled to receive the Litigation Materials designated as

12

"Confidential" or "Highly Confidential" under this Stipulation, except the witness, his or her counsel, parties, experts who have executed the Certificate, and individuals responsible for creating the stenographic or video record of the deposition.

26.      Nothing in this Stipulation shall prevent any of the parties from using "Confidential" or "Highly Confidential" Litigation Materials in connection with any trial, mediation, hearing, or other proceeding in the Litigation, or from seeking additional or further protection with respect to the use of any "Confidential" or "Highly Confidential" Litigation Materials.

### *Objections to "Confidential" or "Highly Confidential" Designation*

27.      If any Party in good faith:  (a) objects to the designation of any Litigation Materials as "Confidential" or "Highly Confidential" or (b) objects to any Party's use of this Stipulation generally, the Party shall state the specific grounds for the objection.  If the Parties are then unable to resolve any such objection, the objecting Party may, within 30 days, or within such other period as the Parties agree or as circumstances may warrant, move the Court to resolve the dispute.  Until the Court rules on any such motion, the Litigation Materials shall continue to be deemed "Confidential" or "Highly Confidential" under the terms of this Stipulation, and all other terms and conditions of this Stipulation shall remain in full force and effect.  If the objecting Party fails to make such a motion within 30 days or as otherwise agreed, the materials shall be deemed as "Confidential" or "Highly Confidential."  This paragraph does not relate to proceedings related to violations of this Stipulation.

### *Miscellaneous*

28.      Nothing in this Stipulation abridges the right of any person to seek its modification by the Court in the future.

29.      By stipulating to the entry of the Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation.  Similarly, no Party waives any

49282673;2

right to object on any ground to use in evidence of any of the material covered by this Stipulation.

30.     With respect to any dispute, motion, action, enforcement, or other disagreement regarding the terms of this Stipulation and Protective Order or the rights and obligations imposed herein, the Parties (i) submit to the exclusive jurisdiction of the courts in the State of Florida, and (ii) agree that Florida law shall govern notwithstanding any conflicts or choice of law doctrines.

31.     The Parties agree that the production of any Litigation Material by any non-Party shall be subject to and governed by the terms of this Stipulation.

### *Conclusion of Litigation*

32.     Within thirty days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Litigation Material or Highly Confidential Litigation Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the producing Party, all persons having received Confidential Litigation Material or Highly Confidential Litigation Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Litigation Material or Highly Confidential Litigation Material, and certify to that fact in writing to counsel for the producing Party.  However, outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product containing Confidential Litigation Material or Highly Confidential Litigation Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product containing Confidential Litigation Material or Highly Confidential Litigation Material) to any person except

49282673;2

pursuant to a court order or agreement by the producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. The provisions of this Stipulation shall continue to be binding after the termination of the Litigation and the Court shall retain jurisdiction necessary to enforce the provisions of this Stipulation.

### *Amendment*

33.     The provisions of this Stipulation may be modified at any time by written stipulation of the Parties as approved by an order of the Court.  In addition, a Party may at any time apply to the Court for modification of this Stipulation pursuant to a motion brought in accordance with the applicable rules of the Court.

### *Violation*

34.     Any violation of this Stipulation may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


Accepted and agreed to by:

Counsel for Plaintiffs                                                Counsel for Defendants


by: */s/Velvel Freedman*                                    by: */s/ Joshua Lipton*

15

49282673;2

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
Carl Goldfarb, Esq.
Florida Bar No. 0125891
Robert G. Keefe, Esq.
Florida Bar No. 1010751
Laselve E. Harrison, Esq.
Florida Bar No. 112537
BOIES SCHILLER FLEXNER LLP
100 SE Second Street
Miami, FL 33131
Phone:  (305) 539-8400
Fax:  (305) 539-1307
Email: vfreedman@bsfllp.com
Email: cgoldfarb@bsfllp.com
Email: rkeefe@basfllp.com
Email: lharrison@bsfllp.com


Shlomo Y. Hecht, P.A.
Florida Bar No. 127144
11651 Interchange Cir. S.
Miramar, FL 33025
Phone: 954-861-0025
Fax: 615-413-6404
Email: sam@hechtlawpa.com

Joshua Lipton, Esq. (*Pro hac vice*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
Email: jlipton@gibsondunn.com

Scott K. Hvidt. Esq. (*Pro hac vice*)
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6911
Telephone: 214.698.3100
Facsimile: 214.698.3400
Email: shvidt@gibsondunn.com

-and-

Lawrence D. Silverman, Esq.
Florida Bar Number:  7160
Email:lawrence.silverman@akeman.com
Alexandra M. Mora, Esq.
Florida Bar Number:  052368
Email: alexandra.mora@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL  33131
Phone: (305) 374-5600
Facsimile: (305) 374-5095


Dated: June 26, 2019

Dated: June 26, 2019

49282673;2

## AGREED PROTECTIVE ORDER

THIS MATTER came before the Court on the Parties' joint motion for entry of agreed protective order, which requests that the Court enter the preceding *Stipulation to Confidentiality Agreement* ("*Stipulation*") as an Order of this Court. The Court GRANTS the Parties' joint motion.

"A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litig.*, 820 F.3d 352, 357 (11th Cir. 1987). Stipulated umbrella protective orders "encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive filings without concern of improper disclosure." *Id.* "This method replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1307 (11th Cir. 2001) (citing *In re Alexander*, 820 F. 2d at 356).

Accordingly, the Parties' *Stipulation* as set forth above shall govern the production and disclosure of Litigation Material produced or disclosed in the Litigation (as those terms are defined in the *Stipulation*), both before and after the entry of this Agreed Protective Order.

**DONE AND ORDERED** in Chambers Miami, Florida this \_\_\_\_\_ day of _____, 2019.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

49282673;2

Copies furnished to:

*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*


<u>**EXHIBIT "A"**</u>


<u>**Certificate of Acknowledgement of and**</u>
<u>**Agreement to Be Bound by Confidentiality Stipulation**</u>


I, _____, have read the attached Stipulation, understand its contents, and undertake to make no disclosures of Litigation Materials designated as "Confidential" or "Highly Confidential" to any person who is not permitted to have access to such materials by this Stipulation.  In addition, I agree not to use any such Litigation Materials for any purpose other than assistance in this Litigation. I understand that a violation of this undertaking could be punishable by contempt of court. I further agree to consent to personal jurisdiction and venue in the Circuit Court of Miami-Dade County, Florida, for any proceedings related to the Stipulation.

I declare under the penalty of perjury under the laws of the United States that this is a true and correct statement.


Dated: _____

Name: _____


18

49282673;2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 26th day of June, 2019, a true and correct copy of the foregoing document was served via the Court's CM/ECF System upon all counsel of record.

<u>/s/ Alexandra M. Mora</u>
Alexandra M. Mora

49282673;2