**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-CV-60341-CIV-COOKE/HUNT**

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

      Plaintiffs,

v.


KIDKRAFT, INC.; and
MIDOCEAN PARTNERS IV, L.P.,

      Defendants.

_____/

**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' FED. R. CIV. P. 26(A) INITIAL**
**DISCLOSURE DAMAGES INFORMATION**

Defendants KidKraft, Inc. and MidOcean Partners IV, L.P. (collectively, "Defendants") respectfully request that the Court compel Plaintiffs to comply with their initial disclosure obligation to produce "documents or other evidentiary material" on which Plaintiffs' damages "computation is based, including materials bearing on the nature and extent of injuries suffered," pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii).

Until November 2016, Plaintiff OJ Commerce ("OJC") was a reseller of KidKraft toy kitchens, with roughly $1 million in gross sales of KidKraft toy kitchens per year. Plaintiffs claim to have been injured when KidKraft terminated OJC as a reseller. In their damages disclosure, Plaintiffs seek a staggering $79 million in damages—hundreds of times more than Plaintiffs earned in any given year reselling KidKraft toy kitchens. Plaintiffs purport to base this damage estimate on their "future projections," including projections for future products that they supposedly would have manufactured and sold—a "vintage" kitchen, a "corner" kitchen, a dollhouse, and 18 other unspecified products—and for sales of those products to unspecified other retailers. And yet Plaintiffs have refused to disclose *any* documents supporting such projections. Instead, Plaintiffs dumped a mess of historical transactional data on Defendants, with no hint of any of the "future projections" on which their damage disclosure is based.

Rule 26 requires more. Defendants are entitled to the business projections on which Plaintiffs' estimate is based and materials "bearing on the nature and extent" of Plaintiffs' supposed damages—including documents describing the mystery products and mystery retailers and the related projections supposedly underlying Plaintiffs' damages claim. That minimum disclosure is required so Defendants can understand the basis for Plaintiffs' damage claim and test that claim in discovery. Plaintiffs' failure to disclose thus frustrates the purposes of Rule 26 and hinders Defendants' ability to take discovery.

It is no answer for Plaintiffs to suggest that Defendants might obtain those documents through discovery, if they ask the right questions or ask Plaintiffs to apply the right search terms. Plaintiffs have asserted these claims, and they served a disclosure claiming

1

damages based on their business projections about 21 undisclosed products and an un-disclosed set of retailers.  Rule 26 requires that they disclose any such business projections, as well as any other documents bearing on the nature and extent of their damages.

## I.      BACKGROUND

On February 7, 2019, Plaintiffs filed their Complaint seeking "economic damages, including compensatory and consequential damages."  *See* Complaint ¶¶ 51, 62, 71 and 74; *id.* ¶ 81 (also seeking "special damages").  Yet, on May 9, 2019, Plaintiffs served Rule 26 disclosures that failed to include any damages calculation.  *See* S. Hvidt. Decl. Ex. 1.  Instead, Plaintiffs summarily asserted that they had suffered "lost sales and attorney's fees" and would supply an expert at trial to testify to damages.  *Id.*

The next day, Defendants informed Plaintiffs their disclosures were inadequate and asked them to comply with their Rule 26 obligation.  *Id.* Ex. 2.  Plaintiffs did not respond.  Four days later, on May 14, 2019, Defendants followed up with Plaintiffs.  *See id.*  On May 17, 2019, the Parties met and conferred, during which Plaintiffs' counsel committed to "fulfill [their] Rule 26 obligations" and "supplement [their] disclosures by May 30."  *See  id.*

On May 30, 2019, Plaintiffs supplemented their Rule 26 initial disclosures by providing a spreadsheet showing approximately $79 million in damages, based largely on "future projections" from as many as 21 products "that did not go into production."  *See id.* Ex. 3.  Plaintiffs provided **no documents or other evidentiary material** supporting the numbers in their damages spreadsheet.  *Id.*

On June 4, 2019, Defendants sent Plaintiffs a formal letter regarding their continued failure to comply with Rule 26 and requesting that Plaintiffs comply with Rule 26 by June 14, 2019 or state that no documents exist.  *See id.* Ex. 4.  Plaintiffs did not reply.  *See id.* Ex. 5.  When Defendants raised the issue, Plaintiffs delayed further claiming they had documents but could not produce them until a protective order was in place.  *See id.* Ex.

6.  Once the Protective Order was entered, Defendants again asked Plaintiffs to comply, but Plaintiffs responded that they needed an ESI Order entered.  *Id.*  After still further prodding, Plaintiffs claimed, finally, to produce the required documents.  *Id.*  But, in reality, Plaintiffs produced nothing but a mess of raw transactional data—hundreds of thousands of lines of historical transactional data that bear no apparent connection to their alleged damages computation.  Plaintiffs have produced no business projections, and they have produced nothing that provides any indication about the future products and retail sales upon which their damage calculation is based.

## II.    LEGAL STANDARD

Fed. R. Civ. P. 26(a)(1)(A)(iii) requires Plaintiffs to disclose their "computation of each category of damages" as well as "**make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered**."  *See also De Varona v. Disc. Auto Parts, LLC*, No. 12–20714–Civ., 2012 WL 2334703, at *1 (S.D. Fla. June 19, 2012) ("by its very terms Rule 26(a) requires more than providing—without an explanation—undifferentiated financial statements; it requires a computation, supported by documents").  Further, Rule 26(a)(1)(E) identifies "unacceptable excuses" for nondisclosure, specifically that "[a] party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its disclosures because it has not fully investigated the case."  Fed. R. Civ. P. 26(a)(1)(E).

## III.   ARGUMENT

Defendants request that the Court compel Plaintiffs to produce documents or other evidentiary material supporting their damages computation, specifically including the "future projections" or other business plans for the future products or other business activities that form the bulk of Plaintiffs' damages claim.  The raw historical transactional data dumped by Plaintiffs comes nowhere close to satisfying their Rule 26 obligation.

3

Defendants are "entitled to a computation of each category of damages claimed" and "documentary support." *Da Realty Holdings, LLC v. Tenn. Land Consultants, LLC*, No. 2:13-CV-00191-WCO, 2015 WL 11017945, at *2 (N.D. Ga. Jan. 5, 2015) (granting motion to compel). Indeed, courts regularly compel plaintiffs to produce documents supporting Rule 26(a)(1)(A)(iii) damages estimates.[1] Courts apply Rule 26(a)(1)(A)(iii) obligations regardless of the complexity of the underlying claim—including in antitrust cases such as this one.[2]

---

[1] *See, e.g.*, *Pressman v. Publix Super Markets, Inc.*, No. 06-61350-CIV, 2007 WL 9700541, at *1–2 (S.D. Fla. May 3, 2007) (granting motion to compel plaintiff to produce "all documents on which her computation of damages is based" and holding that plaintiff "needs to provide the defendants with an initial estimate as to their claimed damages **and at least 'some analysis' of how the relevant facts lead to that dollar figure"** (emphasis added)); *Newton v. Palm Coast Recovery Corp.*, No. 13-62051-CIV, 2014 WL 293484, at *3 (S.D. Fla. Jan. 27, 2014) (requiring plaintiff to provide amended disclosures that include a calculation of damages and supporting documents); *Szusterman v. Amoco Oil Co.*, 112 F. Appx. 130, 131 (3d Cir. Sept. 30, 2004) (affirming grant of a motion to compel where the plaintiff "did not furnish any facts or methodology based on which he calculated his alleged damages").

[2] In their meet and confer correspondence, Plaintiffs initially claimed that they do not have to comply with their Rule 26(a)(1)(A)(iii) obligations because they filed antitrust claims. *See* S. Hvidt Decl. Ex. 2. That is obviously wrong. *See, e.g.*, *Aetna Inc. v. Blue Cross Blue Shield of Mich.*, No. 11-CV-15346, 2012 WL 4355545, at *2 (E.D. Mich. Sept. 24, 2012) (compelling antitrust plaintiff to update initial disclosure damages calculation and "produce the documents or other evidentiary material on which each calculation is based"); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-CV-268 JD, 2017 WL 3016385, at *2 (N.D. Ind. July 17, 2017) (holding that antitrust plaintiff failed to comply with Rule 26(a)(1)(A)(iii) damages initial disclosure obligation); *THX, Ltd. v. Apple, Inc.*, No. 13-CV-01161-HSG-DMR, 2016 WL 2899506, at *7 (N.D. Cal. May 13, 2016) (rejecting the plaintiff's "'early stage' of litigation" argument in a complex patent case as "misplaced" because the plaintiff "was responsible for pre-filing investigation under Rule 11, and must have some basis for its claim for damages").

Here, Plaintiffs seek future lost profits for products that Plaintiffs supposedly planned to manufacture and sell. *See* Complaint ¶¶ 51, 62, 71, 74 and 81; S. Hvidt. Decl. Ex. 3. Courts recognize that Plaintiffs' requirement to produce documents underlying an initial disclosure for lost profits calculation is "especially necessary," particularly where plaintiffs have no experience with the lost profits for a particular product. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("The need for computation and supporting documents is especially necessary in a case like this, where the damages claim is for lost profits from a project of a type with which the plaintiff had little-to-no prior experience."); *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. Appx. 873, 878 (7th Cir. 2011) (accord).

Plaintiffs may argue that the summary spreadsheet and raw historical data dump are sufficient at this time. But that information says nothing about the future projections that account for most of Plaintiffs' claimed damages. *See, e.g., Design* Strategy, 469 F.3d at 295. Indeed, Plaintiffs have not even identified the products they supposedly planned to sell, the retailers through which they supposedly would have sold them, or any aspect of their business plans. This is particularly remarkable because Plaintiffs claim damages beginning in 2016 and 2017—resulting from KidKraft's termination of OJC in November 2016. If, as Plaintiffs claim, they had projections to sell 40,000 units of some sort of products in 2016 and 90,000 units in 2017 that would have been sold but-for KidKraft's termination of OJC in November 2016, surely there must exist business plans reflecting those projections. Plaintiffs should disclose those business plans and documents identifying the products and retailers to which the projections relate. The other possibility is that Plaintiffs' disclosure is untruthful, in which case it should be withdrawn.

## III.   CONCLUSION

Defendants respectfully request that this Court compel Plaintiffs to comply with their initial disclosure obligation to produce "documents or other evidentiary material" supporting each category of damages in their initial disclosure damages calculation.

5

DATED:  July 3, 2019

Respectfully submitted,

*/s/ Joshua Lipton*
Joshua Lipton (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8500
Facsimile:     202.467.0539
jlipton@gibsondunn.com

Scott K. Hvidt (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas  75201-6911
Telephone:  (214) 698-3100
Facsimile:  (214) 698-3400
shvidt@gibsondunn.com

-and-

Lawrence D. Silverman, Esq.
Florida Bar Number:  7160
Email:  lawrence.silverman@akerman.com
Alexandra M. Mora, Esq.
Florida Bar Number:  052368
Email:  alexandra.mora@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL  33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

**ATTORNEYS FOR DEFENDANTS**

6

## CERTIFICATE OF CONFERENCE

I hereby certify that, pursuant to Local Rule 7.3(b), I conferred with Plaintiffs about the relief sought herein via telephone on May 17, 2019 and July 2, 2019 and via electronic mail on May 10, 17 and 30, June 4, 17, 20, 26, and 28, and July 1 and 2, 2019.  Plaintiffs' counsel informed Defendants' counsel that they oppose the relief sought in this Motion.

*/s/ Joshua Lipton*
Joshua Lipton

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2019, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Lawrence D. Silverman*
Lawrence D. Silverman