UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| OJ COMMERCE LLC; and<br>NAOMI HOME, INC.,<br>    *Plaintiffs*<br><br>v.<br><br>KIDKRAFT, LP; and<br>MID-OCEAN PARTNERS, LP<br>    *Defendants*. | CASE NO.:  0:19-cv-60341-MGC |

### JOINT MOTION FOR EXTENSION OF DISCOVERY CUTOFF DATE AND FOR CONTINUANCE OF TRIAL DATE

The parties file this joint motion for a 90-day extension of all deadlines, including the trial setting, set in the Court's Scheduling Order (ECF No. 25). This is a complex antitrust case that involves four different parties. The parties have propounded many discovery requests and have worked diligently together on multiple meet and confers (some lasting multiple hours) to reach agreement on the vast majority of what was initially strongly contested discovery requests. While the parties expect that only limited court intervention will be necessary going forward, reaching this point took some time.

Furthermore, the parties have scheduled a mediation for December 16, 2019 and would like to invest the interim toward amicably resolving this dispute.

Under these circumstances, the parties are seeking a 90-day extension of time for all deadlines in the Court's Scheduling Order.

### BACKGROUND

On February 7, 2019, Plaintiffs filed their original complaint alleging antitrust violations and a tortious interference claim (ECF No. 1).

On May 13, 2019, this Court entered a Scheduling Order. (ECF No. 25) that set the close of fact discovery for February 21, 2020 and trial for the week of August 3, 2020.

Since the issuance of this Court's trial order, both parties served a large number of discovery requests; each party responded with a large number of objections. To resolve these disputes, the parties have worked diligently to narrow both the issues in dispute and the discovery requests. This has required the parties to engage in numerous good faith multi-hour meet and confers, a large number of email exchanges, and coordination with e-discovery vendors. Unfortunately, this cooperative effort took some time, but the parties are now optimistic that they are poised to go forward with limited need for the Court's intervention.

In addition, Defendants have served a number of third-party discovery requests and are working diligently to secure this discovery. As with party discovery, Defendants are optimistic that they will be able to resolve any issues with little or no intervention by the Court, but this process is taking some time.

Furthermore, the parties have scheduled a mediation for December 16, 2019 before Mr. Harry Schafer in a good faith attempt to resolve this dispute. Due to the fast approaching close of fact discovery, however, if the Court does not grant the continuance, the parties will need to invest time and resources into discovery that could have otherwise been allocated toward settlement.

The parties have attached a proposed agreed amended scheduling order to this motion for the Court's convenience.

**ARGUMENT**

"This Court is afforded broad discretion in the management of its cases and maintains substantial authority to control the pace of litigation occurring before it. While this ability is not unfettered, it is nonetheless expansive." *National Union Fire Insurance Co. v. Tyco Integrated Security, LLC*, 2015 WL 11251733, at *2 (S.D.Fla. 2015). If a "Plaintiff's request is reasonable"

and the "Defendant does not demonstrate prejudice," a timely request for a continuance should be granted. *Dix v. United Parcel Service, Inc.*, 2006 WL 8433952, at *4 (S.D.Fla. 2006).

In adjudicating a motion for continuance, courts "consider four factors: (1) the moving party's diligence; (2) the likelihood of achieving the aim sought by continuance; (3) inconvenience to the Court, the non-moving parties, and the witnesses involved, were the court to grant a continuance; and (4) the extent to which the moving party would suffer harm as a result of denial. *Jacobson v. R.J. Reynolds Tobacco Company*, 2013 WL 12094890, at *1 (S.D.Fla. 2013). *See United States v. Davis*, 854 F.3d 1276, 1294 (11th Cir. 2017).

In this case, all four factors strongly favor the parties' joint requested relief. First, the parties have been highly diligent, with a team of lawyers on each side cooperating through numerous hour-long meet and confer conferences to reach agreements about discovery disputes. Second, relief would likely achieve "the aim sought by continuance" – the completion of adequate discovery and the facilitation of settlement discussions. Third, since this is a joint motion lodged many months before trial, the parties do not anticipate there being an inconvenience to the Court (and there is no non-moving party). Finally, the moving parties will suffer extensive harm if this motion is denied, as it would potentially prejudice settlement discussions and also leave the parties without time to develop an adequate factual record in this case.

## CONCLUSION

In light of the forgoing, the parties request the Court grant a 90-day extension in accordance with the specific proposed scheduling order attached hereto.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), the parties have conferred and move jointly for the requested relief.

Dated: November 25, 2019

| **AKERMAN LLP** | **ROCHE FREEDMAN LLP** |
|---|---|
| */s/ Alexandra M. Mora* | By: */s/ Velvel (Devin) Freedman* |
| Three Brickell City Centre | |
| 98 Southeast Seventh Street, Suite 1100 | Velvel (Devin) Freedman |
| Miami, FL 33131 | Florida Bar No.: 99762 |
| Phone: (305) 374-5600 | 200 South Biscayne Blvd., Suite 5500 |
| Fax: (305) 374-5095 | Miami, Florida 33131 |
| Lawrence D. Silverman (Fl. Bar No. 7160) | Tel.: (305) 357-3861 |
| lawrence.silverman@akerman.com | Email: vel@rochefreedman.com |
| Alexandra M. Mora (Fl. Bar No. 52368) | |
| E-mail: alexandra.mora@akerman.com | Shlomo Y. Hecht, P.A. |
| | Florida Bar No.: 127144 |
| **GIBSON, DUNN & CRUTCHER LLP** | 3076 N Commerce Parkway |
| 1050 Connecticut Avenue, N.W. | Miramar, FL 33025 |
| Washington, DC 20036-5306 | Phone: 954-861-0025 |
| Telephone: (202) 955-8226 | |
| Facsimile: (202) 530-9536 | Email: sam@hechtlawpa.com |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel Freedman*
VELVEL (DEVIN) FREEDMAN