UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60341-Civ-COOKE/HUNT

OJ COMMERCE LLC, *et al.*,

    Plaintiffs,

vs.

KIDKRAFT LP, *et al.*,

    Defendants.

_____/

## ORDER RE-SETTING CIVIL TRIAL DATE AND PRETRIAL DEADLINES

Pursuant to Local Rule 16.1, and the Court having considered the parties' Rule 16.1 Scheduling Report and the Parties' joint motion for a 90 days continuance, it is hereby **ORDERED** as follows:

1. **Trial Date and Calendar Call**. This case is set for trial on the Court's two-week trial period commencing Monday, **November 2, 2020, at 9:30 a.m.**, before the undersigned United States District Judge at the Federal Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida. Calendar Call will be held on Wednesday, **October 21, 2020, at 3:00 p.m.**, at the same location. The case will be assigned to the standard case management track.

2. **Pretrial Conference**. No Pretrial Conference will be held in this action, unless the Court determines that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order will remain unaltered.

3. **Pretrial Deadlines**. The pretrial deadlines are as follows:

**May 1, 2020**:   Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed must be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within <u>ten days</u> of receipt or other notice of new or revised information.

**May 21, 2020**: All fact discovery must be completed.

**May 28, 2020**: All dispositive *and* other pretrial motions not explicitly excluded by S.D. Fla. L.R. 7.1.A.1 and accompanying memoranda of law, must be filed.

**June 4, 2020**: Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Plaintiff must make its experts available for deposition by the Defendant.

**June 18, 2020**: Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify. Within the fourteen-day period thereafter, Defendant must make its experts available for deposition by the Plaintiff.

**July 2, 2020**: All expert discovery must be completed.

**July 9, 2020**: All *Daubert* and *Markman* motions and accompanying memoranda of law must be filed.

**July 16, 2010**: Mediation must be completed. The Court has attached an Order of Referral to Mediation.

**Sept. 24, 2020**: (a) A Joint Pretrial Stipulation must be filed. The stipulation must conform to Local Rule 16.1(c) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination. The pretrial stipulation must also include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties must meet at least one month prior to the deadline for filing the pretrial stipulation to confer on preparation of that stipulation. The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions. A copy of the joint pretrial stipulation must be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A Joint Summary of the Parties' Motion(s) *in Limine* must be **separately filed**. The joint summary must contain a cover page providing the style of the case and an index of the motion(s) *in limine*. For each evidentiary issue, the joint summary must include: a one-page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one-page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence. The parties must work together to prepare the joint summary and are encouraged to resolve evidentiary issues through stipulation. Motions *in limine* will not be accepted in any other form.

**October 22, 2020**: (a) Final proposed jury instructions and verdict form must

2

filed.[1] The parties must submit a SINGLE, JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form. Where the parties do agree on a proposed instruction or question, that instruction or question must be set forth in Times New Roman 14 point typeface. Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object must be italicized. Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object must be bold-faced. Each jury instruction must be typed on a separate sheet and must be supported by citations of authority. Each disputed jury instruction must also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority. In preparing their requested jury instructions, the parties may utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. A copy of the proposed jury instructions and verdict form must be delivered to chambers in Microsoft Word format at the time of filing via email to cooke@flsd.uscourts.gov;

(b) A trial witness list indicating each witness who will testify at trial, a one-sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination;

(c) A list of witnesses with some identifying information (address or place of employment) to provide to jury; and

(d) Proposed *Voir Dire* questions specific to the case (general *voir dire* questions should not be included).

(e) Any proposed deposition designations, cross-designations, and objections therein. Parties must submit their designations in one table, with columns listing the witnesses' names, the deposition dates, the proposed designations by page and line, and any objections using the codes listed in Local Rule 16.1(e)(9).

4. **Trial Instructions**. All exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically preceded by the letter "P." Defendant's exhibits must be marked numerically preceded by the letter "D." For example, Plaintiff's exhibit will be marked P-1, P-2, P-3 etc. Likewise, Defendant's exhibit will be marked D-1, D-2, D-3 etc. A typewritten exhibit list setting forth the number and letter, and description of each exhibit must be submitted at the time of trial. The parties must submit said exhibit list on Form AO 187, which is available from the Clerk's office.

5. **Motion for Continuance**. A Motion for Continuance must not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency arises, a motion for continuance will not be considered unless it is filed at least 14 days prior to the date on

---

[1] If this action is to be set for a bench trial the Parties are directed to submit proposed findings of fact and conclusions of law in lieu of proposed jury instructions.

3

which the trial calendar is scheduled to commence. A continuance of the trial date will be granted only on a showing of compelling circumstances.

      6. **Non-Compliance**. Non-compliance with any provision of this Order may subject the offending party to sanctions, including denial of the motion, dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth above to insure an expeditious resolution of this cause.

      7. **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate order for dismissal within ten days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1). The case will remain on the trial calendar until an order dismissing the action is entered by the Court.

      **DONE and ORDERED** in Chambers, in Miami, Florida, this _____ day of November 2019.

                                                           _____
                                                           Marcia G. Cooke
                                                           United States District Judge