UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19-cv-60341-MGC

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

    *Plaintiffs*

v.

KIDKRAFT, LP; and
MID-OCEAN PARTNERS, LP

    *Defendants.*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS THAT "DO NOT EXIST"**

    Plaintiffs OJ Commerce ("OJC") and Naomi Home ("NH") oppose Defendants Kidkraft and Mid-Ocean Partners' latest motion to compel (ECF No. 75) the production of financial documents for one simple (and good) reason: "The Court cannot compel the production of documents that do not exist." *Pennington v. Integrity Communications, Inc.*, 2014 WL 2136000, at *2 (E.D. Mo. May 22, 2014); *see also Borchardt v. Mako Marine Int'l, LLC*, 2010 WL 11504787, at *3 (S.D. Fla. Sept. 14, 2010) ("It is elementary that a party can not be ordered to compel non-existent information."). Specifically, Defendants seek to compel Plaintiffs to produce their alleged "regularly prepared financial statements, operating reports, budgets, projections, and forecasts . . . from January 1, 2010 through February 7, 2019." (ECF No. 75 at p. 1).

    However, aside from one financial report for OJC for 2017-2018, which has been produced, Plaintiffs have repeatedly advised Defendants that no other responsive documents are known or believed to exist. As counsel has explained, both Plaintiffs are closely held single-owner businesses based out of Miramar, Florida, which have historically been self-funded; accordingly, they do not have any shareholders, investors, credit lines, debt, or distributions. Thus, unlike Defendants, Plaintiffs have no need to "regularly prepare" expensive financial documentation to appease shareholders, investors, creditors, or the like.

Plaintiffs have also informed Defendants that, if any additional responsive documents are discovered during Plaintiffs' forthcoming agreed-upon query of their ESI, those documents will be produced. Yet Defendants have rejected all of Plaintiffs' good faith attempts to avoid this needless motion practice. To be sure, if Defendants had "meaningfully conferred by phone or in person with Plaintiffs," as recently ordered by the Court (ECF No. 76), Plaintiffs would have been willing to (once again) explain to Defendants why no other responsive documents are known or believed to exist at this time, in a final attempt to spare everyone from this wasteful exercise in futility. Defendants' motion is truly much ado about *nothing*. It should be summarily denied.

### A. Background

This case involves complex antitrust claims where KidKraft, an undisputed monopolist that controls more than 70% of the wooden play kitchen market, conspired with MidOcean Partners, a powerful private equity company, to illegally maintain KidKraft's lucrative monopoly power. As detailed in the Complaint, Defendants sought to protect that monopoly by threatening KidKraft's retailers with termination if they carried NH's competing play kitchens. Defendants then delivered on their threat, terminating a longstanding and profitable course of dealing with OJC (a successful e-commerce seller) because it did not capitulate to Defendants' illegal demands.

In this litigation, Defendants have continued to take an unjustifiably aggressive approach towards Plaintiffs in discovery. Defendants have repeatedly threatened Plaintiffs with motions to compel and for sanctions if Plaintiffs did not capitulate to Defendants' unreasonable discovery demands. In July 2019, Defendants delivered on their threat and moved to compel Plaintiffs to provide better Rule 26 disclosures regarding their damages, including the production of Plaintiffs' alleged "business projections." (ECF No. 34 at p.1). In response, "Plaintiffs explained they had conducted an investigation and determined that no business projections exist, [and] that should Plaintiffs find projections in the course of discovery, Plaintiffs will turn them over[.]" (ECF No. 35 at p.3). Striking a judicious compromise, the Court granted in part and denied in part Defendants' motion, requiring Plaintiffs to "state that no business projections have been located to date or produce them by

2

Monday, July 22, 2019."[1] (ECF No. 38). Plaintiffs have since confirmed that no business projections are known or believed to exist. But Defendants remain unsatisfied by Plaintiffs' good faith representation.

Like their prior motion, Defendants' instant motion once again seeks to compel Plaintiffs to produce financial documents that are not known or believed to exist. Specifically, Defendants seek to compel the production of documents responsive to requests 44 and 45, which seek "one copy of Plaintiffs' [alleged] regularly prepared financial statements, operating reports, budgets, projections, and forecasts (as described in the Requests) from January 1, 2010 through February 7, 2019." (ECF No. 75 at p. 1).

On June 25, 2019, Plaintiffs served their written responses, which included a prefatory objection that "[t]o the extent Plaintiffs agree to produce documents in response to these Requests, Plaintiffs only agree to produce the responsive, non-privileged documents if any, *which it can locate after conducting a reasonable search* . . . ." (ECF No. 75-2 at p.2) (emphasis added). In response to requests 44, 45(a), and 45(b), Plaintiffs uniformly stated that "[s]ubject to these objections, Plaintiffs agree to produce these documents." *Id.* at 15. In response to request 45(c), however, Plaintiffs objected on relevance and proportionality grounds, because Defendants' "request for '*communications* with any person transmitting or discussing any such budget, projection, forecast, or variance analysis' encompasses numerous documents, e.g., internal emails among employees in [OJC]'s or [NH]'s respective accounting departments, that are irrelevant to any party's claims or defenses." *Id.* (emphasis added).

Importantly, Plaintiffs' objections at that time were based upon counsel's good faith estimate as to the quantity of "communications" that could conceivably be encompassed by Defendants' facially overbroad request; the response does not state such documents certainly exist. Upon receiving more detailed information from the client in connection with the parties' meet-and-confer efforts, and allowing the client to confirm and re-confirm whether these documents existed, Plaintiffs' counsel subsequently learned that – contrary to his prior good faith estimate – it was *not* his client's business practice to create or maintain any

---

[1] Defendants subsequently moved the Court for an award of $22,107.20 in fees and costs for moving to compel non-existent "business projections" and other documents. (ECF No. 40). But the Court denied Defendants' motion, "finding the request for fees inappropriate under the circumstances." (ECF No. 44).

"financial statements, operating reports, budgets, projections, and forecasts" as requested by Defendants; and, therefore, no other documents or communications responsive to requests 44, 45(a), and 45(b) are known or believed to exist.

### B. Argument

"There is nothing improper about a response that asserts that *a document* or password does not exist and courts have uniformly adhered to this position." *TIC Park Ctr., 9 LLC v. Cabot*, 2017 WL 4681333, at *5 (S.D. Fla. Oct. 18, 2017) (emphasis added) (citing *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 242 F.R.D. 1, 12 (D.D.C. 2007) (declining to compel production where party objected "on the basis that it believes no [responsive] document to exist [and] . . . [i]f a document is not in the possession, custody or control of a party, then it clearly cannot be turned over."), *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a . . . good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production . . . .") (citation omitted), and 4 Wright & Miller, *Federal Practice & Procedure: Civ. 2d* § 2213 (2d ed. 1994) (explaining that nothing more is required in responding to a request other than "saying that a particular document is not in existence or that it is not in the responding party's possession, custody, or control")).

Indeed, this Court routinely "accepts [such] averment[s] at face value." *Henderson v. Imperial Point Colonnades Condo., Inc.*, 2010 WL 11505238, at *2 (S.D. Fla. Aug. 26, 2010). For example, in *Henderson*, this Court denied a motion to compel precisely because "Defendants declare that no documents or information exist that are responsive to these requests." *Id.*; *see also Ctr. for Individual Rights v. Chevaldina*, 2018 WL 3702562, at *2 (S.D. Fla. Mar. 13, 2018) (denying motion to compel "because Plaintiff has already stated that it has no additional documents to produce outside of the items provided in response to [Defendant]'s other discovery requests") (citations omitted).

Another analogous case is *McCarthy v. Am. Airlines, Inc.*, 2008 WL 11399622 (S.D. Fla. Mar. 19, 2008). There, the "Defendants state[d] unequivocally that certain documents d[id] not exist, and that others will be produced when Defendants receive or locate them." *Id.* at *1. According to the Court, "[t]o the extent Defendants state that they are 'unaware' of the existence of particular documents, such is an adequate discovery response." *Id.* (citing, among others, *Catalina Rental Apartments, Inc. v. Pacific Ins. Co., Ltd.*, 2007 WL 917272, *3 (S.D. Fla.

4

March 23, 2007) (plaintiff's response that it was "unaware" was "a simple statement of fact and not a violation of plaintiff's discovery obligations")).

The same is true here. Like in *Henderson* and *McCarthy*, Plaintiffs have repeatedly advised Defendants that the requested financial documents are not known or believed to exist. Rather, the only existing responsive document is the lone financial statement for OJC for 2017-2018, which was specifically prepared to support a credit application at the request of the bank. OJC thus departed from its standard practice and paid its accountant approximately $5,000 to prepare the requested financial statement. Aside from this isolated occasion, it is not Plaintiffs' business practice to create, let alone "regularly prepare," the financial documentation request by Defendants. And for good reason. As counsel has explained,[2] both Plaintiffs are closely held single-owner businesses based out of Miramar, Florida, which have historically been self-funded; accordingly, Plaintiffs' businesses do not have many of the characteristics common in larger multi-owner businesses, such as shareholders, investors, credit lines, debt, or distributions.[3] Thus, unlike Defendants – who are a powerful monopolist and asset-laden private equity group – Plaintiffs have no need to "regularly prepare" expensive financial documentation to appease shareholders, investors, creditors, or the like.

Plaintiffs have also advised Defendants that, if any additional responsive documents are discovered during Plaintiffs' forthcoming agreed-upon query of their ESI, those documents will be produced. Defendants, however, have refused to accept anything other than their own unfounded beliefs about how Plaintiffs should conduct their businesses. *See* (ECF No. 77 at p. 4) ("We do not find your assertion to be credible . . . .") (quoting Email from J. Lipton to V. Freedman (Jan. 15, 2020). In other words, "[t]he gist of [Defendants'] motion is that [Defendants] believe[ ] the facts to be different than the [Plaintiffs] believe them to be, and that the [Plaintiffs] are not credible." *Heilman v. Silva*, 2015 WL 1632693, at *3-4 (S.D. Cal. Apr. 13, 2015) (denying motion to compel based upon "sheer speculation and

---

[2] Defendants' counsel concedes that Plaintiffs' counsel has "explained to [him], numerous times, that these documents do not exist to [Plaintiffs'] knowledge after a reasonable investigation." (ECF No. 77 at p. 4).

[3] Defendants insist that the requested financial documents must exist, because Plaintiffs purportedly need them for tax purposes. Nonsense. Plaintiffs are not aware of any business that pays taxes based on financial statements. Rather, in Plaintiffs' experience, an accountant typical analyzes a business' individual transactions and aggregates the data to create their client's tax return.

[movant's] own distrust"); *Pennington*, 2014 WL 2136000 at *2 (denying motion to compel because it was premised upon "plaintiffs' dissatisfaction with, and disbelief of, defendants' responses that the documents requested *do not exist.*") (emphasis in original).

"While [Defendants] accuse [Plaintiffs] of prevarication and speculate that [Plaintiffs] are withholding information, such speculation, without more, is insufficient to support entry of an order compelling discovery which is claimed not to exist." *Borchardt*, 2010 WL 11504787 at *3. As one court has aptly explained, "'if the theoretical possibility that there are more documents sufficed to justify additional discovery, discovery would never end.'" *Maale v. Caicos Beach Club Charter, Ltd.*, 2010 WL 297808, *1 (S.D. Fla. Jan. 19, 2010) (citation omitted). In sum, because Plaintiffs have repeatedly stated in good faith that no responsive documents are known or believed to exist, and because Defendants' feverish insistence to the contrary is nothing more than sheer speculation, Defendants' motion must be denied.

WHEREFORE, Plaintiffs respectfully request that the Court (i) deny Defendants' motion to compel (ECF No. 75), and (ii) "after giving an opportunity to be heard, require the movant" to pay Plaintiffs their attorney's fees and expenses incurred in opposing the motion, *see* Fed. R. Civ. P. 37(5), and (iii) grant any other relief that justice requires.

Dated: January 27, 2020  Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman
Florida Bar No. 99762
Constantine Economides
Florida Bar No. 118177
**ROCHE CYRULNIK FREEDMAN LLP**
200 South Biscayne Boulevard
Suite 5500
Miami, Florida 33131
vel@rochefreedman.com
ceconomides@rcfllp.com

Shlomo Y. Hecht, P.A.
Florida Bar No.: 127144
11651 Interchange Cir S
Miramar, FL 33025
Phone: 954-861-0025
Fax: 615-413-6404

Email: sam@hechtlawpa.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN