UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CV-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

       Plaintiffs,

v.

KIDKRAFT, INC.; and
MIDOCEAN PARTNERS IV, L.P.,

       Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EXPEDITED MOTION* TO COMPEL AND REQUEST FOR DISCOVERY HEARING**

Defendants have complied in full with their document production obligations. They completed their production in response to all of Plaintiffs' Requests, satisfied the parties' extensive agreements regarding document productions, and satisfied all obligations under the Federal Rules. Plaintiffs do not move to compel any category of responsive documents they claim was wrongfully withheld. Instead, they now ask—after Defendants produced all *responsive* documents—that Defendants be compelled to produce over 100,000 *non-responsive* documents. There is no basis for that relief.

This is not the first time Plaintiffs have come to the Court with baseless motions to compel. On March 24, following a hearing on a raft of Plaintiffs' discovery motions, Magistrate Judge Hunt ordered the parties to file no further motions to compel without receiving his permission to do so. *See* Dkt. No. 116. Undeterred, Plaintiffs filed a motion on April 14 seeking a four-month extension of the case schedule based on a variety of discovery gripes (several of which they repeat in the present Motion, two months later), as well as the challenges of taking depositions during the COVID crisis. *See* Dkt. No. 122. Judge Cooke granted a 60-day extension of the discovery deadline, but ordered all other deadlines to remain in place. *See* Dkt. No. 125. Plaintiffs now apparently view the assignment of a new Magistrate as an opportunity to resurrect the Greatest Hits of their discovery gripes, including several issues they previously raised to Judges Cooke and Hunt, to take yet another shot at having document discovery continue forever.

Nothing in the Federal Rules requires Defendants to produce documents they have determined in good faith to be non-responsive to Plaintiffs' discovery requests, which is the case with all of the documents Plaintiffs seek in their Motion. The parties negotiated for months over the scope of documents that would be deemed responsive to the requests for production. But now Plaintiffs effectively seek to retract their agreements by demanding Defendants turn over all documents they previously agreed would be non-responsive. That is not acceptable. And nothing in Plaintiffs' Motion comes close to justifying the harsh, unjustified, and unprecedented sanction they seek.

Plaintiffs' principal basis for this absurd sanction is that Defendants produced roughly 1,200 documents on May 18—two weeks **before** the summary judgment deadline, over two months before the discovery deadline, and long before Plaintiffs had noticed a single deposition. This production included documents initially withheld by a first-level privilege screen,

1

documents that were encrypted or had technical issues for the initial review, documents collected from former employees in response to Plaintiffs' requests, and documents responsive to issues and questions raised by Plaintiffs in April. None of this is unusual in the course of discovery, and none of this was remotely prejudicial (as evidenced by the fact that Plaintiffs waited until June 10 to file an "expedited" motion complaining about Defendants' production of 1,200 documents on May 18).

Defendants have responded promptly and in good faith to every issue Plaintiffs have raised. When Plaintiffs questioned the reliability of Defendants' responsiveness determinations, Defendants undertook a careful audit of their review which showed that the review was, in nearly all respects, properly conducted by multiple levels of trained attorneys. *See* Ex. A. Defendants identified one issue where first-level reviewers took too narrow a view of three discrete document requests. Defendants promptly notified Plaintiffs (*id.*), informed Plaintiffs of the steps they were taking to fix it, implemented additional steps requested by Plaintiffs, and then promptly produced the documents that should have been tagged as responsive. *See* Ex. B. This is not bad faith. Defendants have undertaken a good-faith review of their documents, produced responsive documents, verified their production, responded to all inquiries from Plaintiffs, and fixed occasional issues that have arisen. The ultimate irony is that **Plaintiffs** still have not completed their own production and recently disclosed that they have just **begun** to review thousands of documents they withheld in January based on an electronic privilege screen. It is thus baffling that Plaintiffs now seek sanctions based on the timing of document productions.

Plaintiffs' other primary complaint is that roughly 6% of Defendants' documents hit by the search terms were responsive to Plaintiffs' Requests. Mot. at 4. Plaintiffs argue that Defendants "unilaterally deemed [these documents] 'relevant,'"(*id.*), but that is a mischaracterization. From the very beginning of the discovery process, the parties **were in agreement** on the types of documents that would be deemed responsive and on the use of document custodians and search terms to define the set of documents that would be reviewed for responsiveness. Ex. A, C, D. Defendants' responsiveness percentage is relatively low because **Plaintiffs** insisted on overbroad search terms that returned many non-responsive documents.[1]

---

[1] The overbreadth of Plaintiffs' search terms is described in Exhibit A. As one example, Plaintiffs insisted on a search term that hit all documents with "Dan" or "Daniel" within

Defendants agreed to those search terms *as an accommodation to Plaintiffs*. Ex. A. It is thus offensive that Plaintiffs now seek sanctions because most of the documents returned by their overbroad search terms are non-responsive.

Plaintiffs also seek to re-litigate issues the Court addressed months ago, raise stale issues beyond the time in which they should have been raised, *see* L.R. 26.1(g), and mislead the Court as to Defendants' discovery responses. None of this comes close to justifying the relief Plaintiffs now seek. To the extent the Court wishes to explore the various kitchen-sink complaints raised by Plaintiffs, Appendix A contains a brief clarification of each issue raised in the Motion at 3-4. In short, Defendants have complied with their discovery obligations in full and responded in good faith to all of Plaintiffs' Requests.

None of the cases cited by Plaintiffs justifies the relief they seek, even when sanctions were appropriate (which is not the case here). For example, Plaintiffs cite *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003), in which the Court of Appeals *reversed* an order that gave the plaintiff access to the defendants' databases where the parties disagreed whether the defendant had complied with its discovery obligations, finding the order was an abuse of discretion. Plaintiffs also rely on a quote that human review is "far from perfect." *See* Mot. at 4. But the court in that case *denied* the request to produce all documents hit by a search term and explained that "the [Federal Rules] do not require perfection." *Dynamo Holdings Ltd. P'ship v. Comm'r of Internal Revenue*, 2016 WL 4204067, at *5–6 (Tax Court July 13, 2016) (citation omitted).[2] It is telling that Plaintiffs' own cases rejected the relief they seek here.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion in full.

---

ten words of "consider." One of Defendants' custodians named Daniel had an email signature stating "Please consider the environment before printing" below his name, which meant that *all* emails containing his signature were hit by this search term, even if they had nothing to do with any issue in the litigation.

[2] Plaintiffs also cite two out-of-circuit cases involving improper deletion of data, which is not at issue here. *See* Mot. at 6 (citing *Simon Prop. Group L.P. v. Simon, Inc.,* 194 F.R.D. 639, 641 (S.D. Ind. 2000); *Ameriwood Indus. Inc. v. Liberman,* 2006 WL 3825291, *1 (E.D. Mo. Dec. 27, 2006)). The courts ordered review of disputed materials by an independent expert—not a turnover of non-responsive documents to the opposing party.

DATED:  June 17, 2020                    Respectfully submitted,

/s/ Joshua Lipton
Joshua Lipton (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8500
Facsimile:     202.467.0539
jlipton@gibsondunn.com

Scott K. Hvidt (*Pro Hac Vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, Texas  75201-6911
Telephone:  (214) 698-3317
Facsimile:  (214) 571-2981
shvidt@gibsondunn.com

-and-

Lawrence D. Silverman, Esq.
Florida Bar Number:  7160
Email:  lawrence.silverman@akerman.com
Alexandra M. Mora, Esq.
Florida Bar Number:  052368
Email:  alexandra.mora@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL  33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

**ATTORNEYS FOR DEFENDANTS**

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2020, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

*/s/ Alexandra M. Mora*
Alexandra M. Mora

53557715;1