UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:19-cv-60341-MGC

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

    *Plaintiffs*

v.

KIDKRAFT, LP; and
MID-OCEAN PARTNERS, LP

    *Defendants.*

## **PLAINTIFFS' REPLY IN SUPPORT OF EXPEDITED MOTION TO COMPEL**

**I. Defendants' representation that they have fully complied with their discovery obligations should not be credited—even as officers of the Court.**

This Court should reject Defendants' invitation to accept at face value their representation that "they have complied in full with their document production obligations." (ECF No 148 at 2). While Plaintiffs do not make this argument lightly, Defendants have repeatedly shown that their word is *not* their bond. Indeed, Defendants do not dispute that they sandbagged Plaintiffs with 1,277 new documents (22% of their total production) a mere *ten days before* moving for summary judgment—and *forty-two days after* representing to this Court (in an effort to defeat Plaintiffs' motion to extend discovery) that their "document productions [were] complete after many months of work." (ECF No. 123 at 4). Rather, Defendants claim that misrepresenting facts to this Court in violation of their duty of candor is not "unusual." (ECF No. 148 at 3); *see also* Ex. 1, May 18 Email at 2 (Defendants retorting "spare me your rhetoric about delays and prejudice").

The remainder of Defendants' response only digs a deeper hole. Defendants take great liberties in asserting that the issues raised by Plaintiffs' motion have previously been adjudicated.[1] According to Defendants, Plaintiffs' motion is a "baseless" attempt to "resurrect the Greatest Hits of their discovery gripes, including several issues they previously raised to Judges Cooke and

---

[1] Counsel is well aware of their duty under Local Rule 7.1(e) regarding "a subsequent motion . . . to a different . . . Judge for *the same relief* in whole or in part, upon the same or any alleged different state of facts." S.D. Fl. 7.1(e) (emphasis added). But that's not the case here.

1

Hunt, to take yet another shot at having document discovery continue forever."² (ECF No. 148 at 2). Confusingly, Defendants argue that Plaintiffs somehow violated Magistrate Judge Hunt's order requiring leave to file discovery motions by filing a Rule 16(b) motion asking Judge Cooke to extend the discovery deadline. *Id.* Equally perplexing, Defendants also contend that—by granting Plaintiffs' motion to extend discovery via an Endorsed Order, (ECF No. 125)—Judge Cooke purportedly "rejected" the discovery issues highlighted by Plaintiffs to establish good cause for the extension, (ECF No. 148-1 at 1). That is sheer jiggery-pokery.

This is not the first time that Defendants have vehemently (and falsely) accused Plaintiffs of allegedly filing a "baseless" discovery motion. Just like here, Defendants argued that Plaintiffs' earlier motion challenging Defendants' absurd designation of 78% of their then-production as "Highly Confidential" (i.e. Attorneys Eyes Only) was also "baseless," because "Defendants ha[d] complied fully with the designation requirements of the Protective Order." (ECF No. 91 at 2). But Magistrate Judge Hunt disagreed, found Defendants' designation of percentage "high," granted Plaintiffs' motion, and ordered Defendants to re-review their "documents and de-designate documents that should not be listed as highly confidential," (ECF No. 119 at 3)—resulting in their subsequent de-designation of 29,829 pages due to Plaintiffs' "baseless" motion.

In that same order, Judge Hunt also denied "without prejudice" Plaintiffs' motion³ to compel Defendants to include all "KidKraft's board members" and "MidOcean's deal team members" as document custodians, because "Defendants have *represented* that they will produce the documents sought and additional document custodians would be duplicative." *Id.* at 6 (emphasis added). Judge Hunt further ordered that "[i]f Plaintiffs determine that Defendants are withholding important information that is not duplicative, Plaintiffs may contact Chambers—after conferring with Defendants either by phone or in person—and seek permission to file a renewed motion." *Id.* at 6-7 (emphasis omitted). Even though Plaintiffs' instant motion says nothing about compelling Defendants to include their board or deal team members as custodians, Defendants spuriously argue that Plaintiffs "seek to re-litigate issues the Court addressed months ago." (ECF No. 148 at 4). A review of the docket shows that this representation, too, is inaccurate.

---

² Defendants mischaracterize the March 24th discovery hearing as covering "a raft of Plaintiffs' discovery motions," (ECF No. 148 at 2), even though the actually covered both parties' motions, (ECF No. 113), which were adjudicated by the Omnibus Order, (ECF No. 119 at 9-10).
³ *See* (ECF No. 84).

Likewise, Defendants' attempt to exemplify that 94% of the >100,000 documents identified by the parties' search terms were allegedly nonresponsive falls flat. Despite the fact that discovery is liberal and relevancy is broader than at trial, Defendants contend that they were justified in withholding ~94,000 documents identified by the parties' agreed-upon search terms—which were designed to capture as many relevant documents as possible—because all those documents were allegedly non-responsive due to the purported overbreadth of Plaintiffs' search terms. (ECF No. 148 at 3). As the quintessential example, Defendants cite a search term that hit upon a custodian's email signature stating "Please consider the environment before printing," which supposedly captured thousands of nonresponsive emails. *Id.* at 3, n.1. Yet Defendants' own hit report shows that search term only hit upon 247 unique documents, a measly number in complex commercial litigation. *See* Ex. 2, Pltfs.' Ltr. at Ex. A, Defs.' Hit Report at Line #17.

Defendants' repeated willingness to mischaracterize indisputable facts in favor of misleading, self-serving representations—especially before this Court—is more than sufficient to sanction Defendants. *See, e.g.*, *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003) ("some kind of direct access might be permissible" where there is "a factual finding of some non-compliance with discovery rules"). For example, in *Nachurs Alpine Sols., Corp. v. Banks*, 2017 WL 2918979 (N.D. Iowa July 7, 2017), the court found "there is at least a colorable prima facie showing that the withheld documents fall within the broad scope of liberal discovery because they contained one of the terms to search for potentially relevant documents in defendants' ESI." *Id.* at *4. Although the plaintiff "ha[d] not made a strong showing . . . that the withheld documents are relevant (but of course, without access to the documents, it is difficult for it to do so)," the "Court's "confidence in defendants' response is colored . . . by the Court's conclusion that defendants have previously not complied with discovery obligations." *Id.* Accordingly, the court found:

> the appropriate resolution to this dispute is: (1) defendants produce all of the ESI documents it identified as unresponsive under an Attorneys Eyes Only label; (2) that the production is not to be deemed as an admission by defendants that the documents are relevant; and (3) that plaintiff bear its own costs of reviewing the documents for the categories it believes may hold relevant documents. Should plaintiff discover relevant documents during this review which it believes were wrongfully withheld by defendants, then plaintiff can bring a motion for sanctions at that time to recover some or all of the attorneys' fees associated with the search.

*Id.* at *5.

Like in *Nachurs*, this Court too should have little, if any confidence in Defendants' representations considering their prior discovery violations and their demonstrated willingness to

be less than candid with this Court. Plaintiffs have tried repeatedly tried to resolve these issues with Defendants, most recently by proposing a sampling to test the alleged "irrelevance" of the documents being withheld as nonresponsive. *See* Ex. 2, Pltfs.' Ltr. Even though Defendants have determined that all 94,000 of the 100,000 documents are allegedly irrelevant (and thus it should be harmless to produce a *sampling* of those documents under the veil of this Court's Protective Order), Defendants have refused Plaintiffs' proposal. Nor have Defendants' made any counterproposal. Defendants did not even offer to produce any of the specific missing documents identified in Plaintiffs' motion, regardless of whether they hit upon Plaintiffs' search terms or exist within Defendants' manufactured narrow universe of document custodians. *See* (ECF No. 139 at 5) (explaining Defendants' "gotcha" with document custodians). On this record, Plaintiffs' respectfully requests that their motion be granted and that Defendants be sanctioned accordingly.[4]

                Respectfully submitted,

By: */s/Mark A. Schweikert*
Velvel (Devin) Freedman
Florida Bar No. 99762
Constantine Economides
Florida Bar No. 118177
**ROCHE CYRULNIK FREEDMAN LLP**
200 South Biscayne Boulevard, Suite 5500
Miami, Florida 33131
vel@rochefreedman.com

Shlomo Y. Hecht, P.A.
Florida Bar No.: 127144
11651 Interchange Cir S
Miramar, FL 33025
Phone: 954-861-0025
Fax: 615-413-6404
Email: sam@hechtlawpa.com

Mark A. Schweikert
Florida Bar No. 70555
**SCHWEIKERT LAW PLLC**
1111 Biscayne Boulevard, Suite 1550
Miami, Florida 33131
(305) 926-9452

---

[4] Defendants have advised that they will amend their RFA responses, in light of the letters Plaintiffs' sent this weekend at their request. *See* Comp. Ex. 3, June 21 Emails & Pltfs.' Ltrs. But they have not yet served their amended responses, so Plaintiffs are uncertain if this issue is moot.

4

mark@schweikertlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Mark A. Schweikert*
MARK A. SCHWEIKERT