UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC, and
NAOMI HOME, INC.,

      Plaintiffs,

v.

KIDKRAFT, LP; and
MID-OCEAN PARTNERS, LP,

      Defendants.
_____/

## ORDER ON EXPEDITED MOTION TO COMPEL

This matter is before the Court on Plaintiffs' Expedited Motion to Compel and Request for Discovery Hearing. (ECF No. 139) The Honorable Marcia G. Cooke, United States District Judge, has referred this motion to the undersigned for appropriate resolution. (ECF No. 159)

This is an antitrust action involving two competitors in the toy industry. The parties previously stipulated to, and the Court subsequently entered an agreed Protective Order. (ECF No. 33) Plaintiffs now seek to compel from Defendants documents that they have identified as either omitted from the Defendants' previous production or withheld by Defendants on the basis of relevance. Plaintiffs provide specific examples of documents they say are responsive to their requests but have not been produced to date. (ECF No. 139 at 3, ¶F) Further, Plaintiffs assert that

Defendants have indicated that it has withheld on the basis of irrelevance, 94,000 out of 100,000 documents that were identified by the search terms agreed to by the parties. (ECF No. 160 at 4) Plaintiffs are concerned that "crucial documents" have been withheld by Defendants and that Defendants' relevancy determinations are unreasonably narrow. (ECF Nos. 139 at 3, 160 at 3-4) Defendants respond by representing to this Court that "they have complied in full with their document production obligations." (ECF No. 148 at 2) Defendants further argue that Plaintiffs seek to compel non-responsive documents in light of Plaintiffs' overbroad search terms. (ECF Nos. 148 at 3; 148-2 at 3)

The undersigned ordered the parties to meaningfully confer in an effort to resolve this issue without court intervention. On June 18, 2020, the parties conducted a telephone conference to discuss the alleged deficiencies. On June 19, 2020, in accordance with this Court's Order at ECF No. 146, Plaintiffs filed their Notice of Status of Discovery Dispute Following Parties Telephone Conference. (ECF No. 153) During the parties' telephone conference, Plaintiffs' counsel presented a proposal to Defendants' counsel to resolve the dispute. Instead of responding to the proposal presented by Plaintiffs, or offering a counterproposal, Defendants "asked Plaintiffs' counsel to put the proposal in writing for his clients' consideration." Plaintiffs represented that they believed from their perspective that "the proposal could lead to the resolution of many, if not all, of the deficiencies with Defendants' document productions." (ECF No. 153 at 1)

In their Reply, Plaintiffs advised the Court that Defendants refused Plaintiffs'

proposal and that Defendants also failed to make any counterproposal.  (ECF No. 160 at 4)  Plaintiffs also represented that Defendants "did not even offer to produce any of the specific missing documents identified in Plaintiffs' motion." Id.  Finally, Plaintiffs argue that since Defendants' argument to support their withholding of the documents at issue is based on relevance, it "should be harmless to produce a sampling of those documents under the veil of this Court's Protective Order."  Id.; see also Protective Order, ECF No. 33.

After a detailed review of the voluminous documents filed with the Court, the undersigned finds that the sheer volume of documents withheld by Defendants on the basis of relevancy is concerning since the documents were identified by agreed search terms.  Relevancy should be determined as broadly and liberally as possible. See, e.g., Hickman v. Taylor, 329 U.S. 495, 506 (1947).  The undersigned does not at this time assign any intent on the part of the Defendants to obstruct discovery.  However, the undersigned finds that withholding 94% of the documents that were identified in the ESI search on the basis of relevance may evidence a definition of relevancy that is too restrictive.  Additionally,  Defendants have also failed to produce the documents that Plaintiffs specifically identified in their Motion which the undersigned finds are relevant.

Accordingly, having carefully considered the Motion, the Response and Reply thereto, the court file and the applicable law, and finding that no hearing is necessary for resolution of the issues presented, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Expedited Motion to Compel is

GRANTED IN PART AND DENIED IN PART.

The Motion is GRANTED to the extent that Defendants shall produce all non-privileged, responsive documents to the parties' agreed upon search terms (the remaining 94%) no later than 5:00 p.m., June 29, 2020. Prior to Plaintiffs use of any of those documents, Plaintiffs shall allow Defendants an opportunity to determine the appropriate confidentiality designation, if any.[1]

Likewise, the non-privileged, responsive documents referenced in ECF No. 139 at 3-4, ¶F shall be produced by the same date.

Any documents withheld on the basis of privilege shall be presented in a privilege log in accordance with the Federal Rules and Local Rules of this Court. The privilege log shall also be produced by the same date referenced above.

To the extent the parties can agree that certain documents are not relevant, they may agree not to produce those documents. Additionally, if the parties are able to agree on a date for production of the above that differs from the date imposed by the Court, the parties may modify the date of production to a mutually agreed upon date.

The Motion is DENIED as to the request for a hearing and the request for an award of attorneys' fees and costs associated with this Motion. The Motion is also DENIED without prejudice as to the alleged deficiencies in Defendants' Responses to Plaintiffs' Request for Admissions since the Defendants have represented to Plaintiffs that they will serve Amended Responses to the Request for Admissions. Defendants

---

[1] The undersigned finds that there is no reason to designate all 94,000 documents as "highly confidential," as proposed by Plaintiff, because this would inevitably result in an erroneous classification of most of the documents and because the "highly confidential" designation should only be used sparingly.

are ORDERED to provide those Amended Responses to the Request for Admissions no later than June 26, 2020, or as mutually agreed to by the parties, if such has not already been served on Plaintiffs.

DONE AND ORDERED at Fort Lauderdale, Florida this 24th day of June, 2020.

>                                     _____
>                                     LURANA S. SNOW
>                                     UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Marcia G. Cooke

All Counsel of Record and/or Pro Se Parties