UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60341-MGC

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

    *Plaintiffs*

v.

KIDKRAFT, LP; and
MID OCEAN PARTNERS, LP

    *Defendants .*

## PLAINTIFFS' NOTICE OF COMPLIANCE WITH ECF NO. 169 and 173

The following depositions are currently scheduled in this matter. This list does not include depositions already taken (that may need to be retaken) or witnesses that may still need to be deposed:

| Date | Time | Deponent | Expected Length |
|---|---|---|---|
| July 1, 2020 | 10:00 AM EST | Andrew Gilbert. *Principal at MidOcean and former/current board member of KidKraft.* | 7 hrs. |
| July 2, 2020 | 10:00 AM EST | KidKraft, LP's Corporate Representative | 7 hrs. |
| July 7, 2020 | 10:00 AM EST | Chris Light. *Former Executive Vice President of KidKraft in charge of Plaintiff's business relationship and KidKraft employee for 17 years.* | 7 hrs. |
| July 9, 2020 | 10:00 AM EST | MidOcean Partners, LP's Corporate Representative | 7 hrs. |
| July 15, 2020 | 7:30 AM EST | Eshwar Sivan, *Chief Operating Officer, O.J. Commerce.* | |
| July 16, 2020 | 9:00 AM EST | Simon Hecht, *Bookkeeper for O.J. Commerce* | |
| July 17, 2020 | 9:00 AM EST | Jason Glover, *Operations Manager, O.J. Commerce.* | |

| July 20, 2020 | 9:00 AM EST | Michael Drobnis, *CEO at OptfinltTY, LLC who undertook efforts to sell Plaintiff's kitchens to retailers and was rebuffed.* | 7 hrs. |

  In accordance with ECF No. 169, the parties met and conferred for over an hour today and the parties reviewed what subject matters/category of documents, in accordance with any previous agreements, that need not be produced, as well as all categories of any additional documents that the parties agree need not be produced. On that call, Defendants clarified that they have actually held back ~100,000 documents, not 94,000.

  Defendants represented that approximately 50,000 of the 100K documents are from MidOcean Partners. Plaintiff proposed Defendant narrow these documents down by running narrower search terms that hit on highly relevant issues in the case and produce those documents after conducting a privilege review. Specifically, to produce all documents that contain the words: (1) Kidkraft, (2) KK, (3) Kitchen, (3) Wood, (4) Role play, (5) Toy, (6) OJ Commerce, (7) Naomi Home, (8) NH, (9) OJC, (10) Jacob Weiss, (11) Jacob w/10 (other keywords), (11) Chris Light, (12) Light or Chris w/10 (other keywords). This would immediately eliminate over half of the documents by reducing the 50K documents to just 17,121 documents.

  Unfortunately, Defendants rejected the offer. While they agreed to run the keywords, they then insisted on conducting multiple additional levels of review that would result in the very review process that caused them to over-withold documents in the first place. They said:

> Defendants are agreeable to running the search term you proposed as a first step to try to isolate the KidKraft and case-related documents from the roughly 50,000 MidOcean non-responsive documents such that (i) documents that do not hit on those terms do not need to be produced, (ii) the documents that hit on the below search term would be reviewed to determine if the documents relate purely to non-KidKraft entities and to the extent they relate purely to other non-KidKraft related entities they will not be produced, and (iii) Defendants will produce all other documents responsive to that search term subject to exclusion of (a) privileged documents and (b) the document categories the parties have agreed, explicitly or through Plaintiffs' waiver, that Defendants need not produce.

  The time for such review has long passed. Depositions are coming. Discovery is closing. Allowing Defendants to conduct this review again will allow them to perpetuate their

discovery conduct that has, to date, resulted in a complex antitrust case where Plaintiff has produced over 50K documents, but both defendants have produced just 6,000 collectively.

As for the Kidkraft documents (of which there is likewise approximately 50K). Defendant has indicated there are 13 categories of documents Plaintiff has previously agreed not to accept. The parties met and conferred on these topics. Below is a table with Plaintiffs proposed resolution, and Defendants response:

| Category | Plaintiffs' proposal | Defendants' position |
|---|---|---|
| Plaintiffs agreed Defendants need not produce and log documents relating to the prior litigation between the parties. | When Plaintiffs stated they didn't recall reaching this agreement, Defendant claimed it was premised on Plaintiffs lack of filing a motion in response to their objection. Plaintiff believes this is an unfair position given that Defendants have dragged our meet and confers and that the parties were ordered by J. Hunt to try and work things out. | Unwilling to produce. |
| Plaintiffs agreed to strike "or KidKraft sales" from their initial RFPs. | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-whitholding issue the parties have already briefed and obtained an order for. | Unwilling to produce. |
| Plaintiffs agreed to amend RFP No. 19 to "All documents and communications reflecting KidKraft's' management, policies, procedures, and other strategic decisions relating to allocation of inventory to resellers, including but not limited to changes to these allocations." | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-whitholding issue the parties have already briefed and obtained an order for. | Unwilling to produce. |
| Plaintiffs agreed that documents relating to any agreement by | Plaintiffs don't dispute this agreement, but state that allowing | Unwilling to produce. |

3

| | | |
|---|---|---|
| KidKraft to make a product available exclusively to a reseller did not need to be produced.  But, if any such agreement has a requirement that the reseller carry exclusively KidKraft products, documents related to such an agreement should be produced. | Defendant to conduct this review will result in the exact same over-whitholding issue the parties have already briefed and obtained an order for. | |
| Plaintiffs agreed to amend their RFP to "All documents and communications relating to management, policies, procedures, and other strategic decisions and actions relating to advertising, marketing, and promotional plans, including selling aids, for any wooden toy kitchens." | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-whitholding issue the parties have already briefed and obtained an order for. | Unwilling to produce. |
| Plaintiffs agreed to strike "or other documents" from their initial RFPs. | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-withholding issue the parties have already briefed and obtained an order for. | Unwilling to produce. |
| The Parties agreed not to produce design drawings for either party. | Plaintiffs agreed Defendant should withhold these documents, but requested Defendants simply provide a log indicating the document title, bates number, and the search terms that hit on any documents withheld so Plaintiff could investigate any documents that appear wrongly withheld. | Unwilling to compromise. |
| Plaintiffs agreed that they 'are not seeking all documents relating to all dealings with resellers, only those related to wooden toy kitchens. | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-withholding issue the parties have | Unwilling to produce. |

4

| | | |
|---|---|---|
| | already briefed and obtained an order for. | |
| Plaintiffs agreed that the scope of these requests are limited to "contracts, drafts of contracts and related documents that contain requirements that a reseller carry exclusively KidKraft products in any particular category." | Plaintiffs don't dispute this agreement, but state that allowing Defendant to conduct this review will result in the exact same over-withholding issue the parties have already briefed and obtained an order for. | Unwilling to produce. |
| Plaintiffs agreed Defendants need not produce documents responsive to this RFP. | Plaintiff stated the parties reached an agreement where Plaintiff would not receive this document if Defendant produced documents sufficient to show why Mr. Light left Kidkraft. Defendant stated they complied with this agreement. Plaintiff asked, in the spirit of a court ordered meet and confer, for Defendant to provide the bates numbers of these documents as Plaintiff is not aware of them. While first refusing, Defendant then only provided the bates for Light's separation agreement, which does not provide the basis for his departure. Defendant stated they could not find the balance of the documents in time for this filing. | See Plaintiff entry. |
| Defendants objected to production over 3 months ago and Plaintiffs did not dispute the objection. | Plaintiff disputes this characterization. Defendant specifically stated that they were already producing relevant/responsive documents pursuant to prior RFPs. Plaintiff therefore did not dispute further. | No agreement |
| Defendants objected to production over 1 month ago and Plaintiffs did not dispute the objection. | Plaintiff disputes this characterization. Defendant specifically stated that they were already producing | No agreement |

5

| | relevant/responsive documents pursuant to prior RFPs. Plaintiff therefore did not dispute further. | |
|---|---|---|
| Plaintiffs have not requested any MidOcean documents relating to (i) any MidOcean entity other than the Defendant in this case, (ii) any MidOcean portfolio company other than KidKraft, or (iii) any actual or potential transaction not involving KidKraft. Accordingly, all such documents should be excluded from any production. | See MidOcean documents for Plaintiffs proposal. | See Plaintiff entry. |

Finally, Defendant made their own proposal to Plaintiffs on the call that would inject the same issues Plaintiff's sought (and granted) remedy was meant to resolve. Plaintiffs therefore rejected that proposal. After the call, Defendant emailed that proposal, which is attached as Exhibit 1.

For the reasons stated in Plaintiffs' response, Plaintiffs request a hearing as soon as possible to resolve these issues before they are mooted by the passage of time and the close of discovery.

Dated: June 30, 2020                                    Respectfully submitted,

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman
Florida Bar No. 99762
Constantine P. Economides
Florida Bar. No. 118177
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd., Suite 5500
Miami, FL 33131
Tel.  (305) 357-3861
Email: vel@rcfllp.com
Email: ceconomides@rcfllp.com

Mark A. Schweikert
Florida Bar No. 70555
**SCHWEIKERT LAW PLLC**
1111 Biscayne Blvd., Suite 1550

>Miami, Florida 33131
>Tel.: (305) 926-9452
>Email: mark@schweikertlaw.com
>
>Shlomo Y. Hecht, P.A.
>Florida Bar No.: 127144
>11651 Interchange Cir S
>Miramar, FL 33025
>Phone: 954-861-0025
>Email: sam@hechtlawpa.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

>*/s/ Velvel (Devin) Freedman*
>VELVEL (DEVIN) FREEDMAN