UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:19-CV-60341-MGC/HUNT

OJ COMMERCE LLC,
and NAOMI HOME, INC.,

    Plaintiffs,

v.

KIDKRAFT, INC., and
MIDOCEAN PARTNERS, L.P.,

    Defendants.

_____/

**PLAINTIFFS' MOTION FOR 45-DAY EXTENSION OF
FACT DISCOVERY DEADLINE ONLY**

Plaintiffs respectfully request the Court grant a 45-day extension of *just* the fact discovery deadline. All other case deadlines should remain in place.

Plaintiffs are very mindful of the Court's Order [ECF No. 125] that "[t]he Court will not grant any further extensions in this matter absent extenuating circumstances." In accordance with that Order, the parties have already briefed summary judgment and completed expert discovery. That said, Plaintiffs respectfully submit that extenuating circumstances do exist for a short extension of *just* the fact discovery deadline.

Plaintiffs' prior submissions have detailed concerning circumstances raising serious questions about the integrity of Defendants' discovery conduct. *See* ECF No 139, 143-1, 160, 170; ECF No. 166 (emphasis added) ("The undersigned does not *at this time* assign any intent on the part of the Defendants to obstruct discovery"). While this conduct could justify an extension, that is not the basis for Plaintiffs' current motion.

Instead, Plaintiffs' motion is premised on the simple fact that it would be impossible for Plaintiffs to review, before fact discovery closes on July 20, the tens of thousands of documents Judge Snow has just ordered Defendants to turn over. [ECF No. 180].

Specifically, Plaintiffs learned Defendants withheld over 94,000 documents that hit on the parties' agreed-to search terms. This meant Defendants determined a mere 6% of the search term hits were responsive and withheld the remaining 94% of the documents. Asserting this responsiveness rate was inconceivable, Plaintiffs moved to compel Defendants to produce the 94,000 documents. [ECF No. 139]. Judge Snow found "that the sheer volume of documents withheld by Defendants on the basis of relevancy is concerning" and ordered their production. [ECF No. 166]. After Defendants moved for reconsideration and proposed an alternative approach, Judge Snow allowed them to withhold three categories of documents and produce the rest by July 15, 2020. [ECF No. 180]. Pursuant to that order, Plaintiffs are expecting tens of thousands of documents, **totaling hundreds of thousands of pages**, to be produced between now and July 15.

Plaintiffs respectfully suggest that their inability to review, in the short time left for fact discovery, the hundreds of thousands of pages Defendants have been ordered to produce constitutes the rare extenuating circumstances that justify an extension under this Court's prior order. Accordingly, Plaintiffs respectfully request a 45-day extension of just the fact discovery deadline so that Plaintiffs may sufficiently review Defendants' production, conduct any needed follow-up document discovery, and conduct depositions with the benefit of that documentary discovery. **The requested extension would not affect the Court's trial date or any other deadline in the Court's scheduling order.** Mediation was concluded in December 2019. Defendants' Motion for Summary Judgment and Plaintiffs' opposition are already on

file. Expert discovery has concluded, and Daubert motions will still be filed on or before July 9, 2020. Allowing fact discovery to close on September 3, 2020 would not affect the parties' readiness to file the Joint Pretrial Stipulation on September 23, 2020, file proposed jury instructions on October 22, 2020, attend calendar call on November 4, 2020, or be ready for trial on November 9, 2020.

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and extend the deadline for fact discovery only—and no other deadlines—for 45 days from July 20, 2020 to September 3, 2020.

### S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendants, who opposes the requested relief.

Respectfully submitted,

**ROCHE CYRULNIK FREEDMAN LLP**

By: /s/ *Velvel Devin Freedman*
Velvel (Devin) Freedman
Florida Bar No. 99762
Constantine Economides
Florida Bar No. 118177
**ROCHE CYRULNIK FREEDMAN LLP**
200 South Biscayne Boulevard
Suite 5500
Miami, Florida 33131
vel@rcfllp.com
ceconomides@rcfllp.com

Mark A. Schweikert
Florida Bar No. 70555
**SCHWEIKERT LAW PLLC**
1111 Biscayne Blvd., Suite 1550
Miami, Florida 33131
(305) 926-9452
mark@schweikertlaw.com

Shlomo Y. Hecht, P.A.
Florida Bar No.: 127144
11651 Interchange Cir S
Miramar, FL 33025
Phone: 954-861-0025
Fax: 615-413-6404
Email: sam@hechtlawpa.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel Freedman*
VELVEL (DEVIN) FREEDMAN