UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CV-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC; and
NAOMI HOME, INC.,

        Plaintiffs,

v.

KIDKRAFT, INC.; and
MIDOCEAN PARTNERS IV, L.P.,

        Defendants.

_____/

<u>DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE
TO TAKE ADDITIONAL DEPOSITIONS,
AND CROSS-MOTION FOR PROTECTIVE ORDER</u>

53556773;1

Defendants respond to Plaintiffs' Motion for Leave [D.E. 203] ("Motion"), and in the alternative move this Court for a protective order as to Plaintiffs' five new third party subpoenas *duces tecum* to investors of Defendant MidOcean Partners IV, L.P. ("MidOcean Fund IV"). Plaintiffs' requests for these depositions are procedurally improper and lack any substantive justification.

This case is about alleged conduct by Defendant KidKraft in relation to the Plaintiffs. It is not about what MidOcean Fund IV—a private equity fund—said to its investors. At best, that is a collateral issue. Yet it is a rabbit hole that Plaintiffs have jumped down, which they are now seeking to expand, because they see it as a means to harass MidOcean Partners, L.P. ("MidOcean") and now harass its investors. Plaintiffs seek these depositions not to learn what *KidKraft* did or what anyone at MidOcean said to KidKraft, but rather what MidOcean said to its investors. At best, this is multiple levels removed from what this case is actually about.

Moreover, this issue—what MidOcean Fund IV said to its investors—has already been the subject of extensive discovery. Two MidOcean representatives who led and are fully knowledgeable about such communications relating to KidKraft—Daniel Penn (individually and as 30(b)(6) designee) and Drew Gilbert—were each deposed for a full day and answered extensive questions from Plaintiffs about this very subject. Plaintiffs ignore that testimony, and instead argue that MidOcean's CEO, Ted Virtue, lacked knowledge about those communications. The Court will recall, however, that Plaintiffs obtained the deposition of Mr. Virtue over Defendants' objection that he lacked knowledge of the issues. Nonetheless, Plaintiffs deposed him for seven hours about meetings he did not attend, documents he did not create, and presentations he did not give. With that questioning, Plaintiffs established that Mr. Virtue lacked knowledge about those issues. Now, remarkably, Plaintiffs seek to parlay the fact of Mr. Virtue's lack of knowledge into harassing depositions of five investors of MidOcean, who are even further removed from the actual events of this case. There is no showing that these five non-parties have ever even heard of the Plaintiffs. Further, Plaintiffs offer no basis to conclude that the two full deposition days from the MidOcean representatives who are fully knowledgeable about these issues are so lacking that they should be permitted to harass five non-parties with duplicative and procedurally improper depositions.

Plaintiffs will have taken nine depositions in this case, and the Motion for Leave completely ignores the pleading and proof requirements necessary to seek leave for additional

1

depositions under Fed. R. Civ. P. 30.  As a result, Plaintiffs failed to satisfy their burden to obtain leave to take more than 10 depositions.  Further, Plaintiffs ignore the 14-day notice rule under L.R. 26.1(h) and as a result the depositions they seek should not go forward.

## FACTUAL BACKGROUND

1.      The parties previously litigated whether Plaintiffs could take the deposition of Ted Virtue—the CEO of MidOcean, the private equity firm that manages Defendant MidOcean Fund IV.  Defendants objected to that deposition, contending Mr. Virtue was not an appropriate deponent because Mr. Virtue has no unique knowledge about the disputed issues.

2.      After taking the Virtue deposition, Plaintiffs now complain that Mr. Virtue did not have unique knowledge of conversations with investors, and that they now need to depose five non-party investors.  *See* Dkt. No. 203, Mot. at 1 (Mr. Virtue, who is not the CEO of MidOcean Fund IV, "testified at deposition that MidOcean provided its five limited partners with material updates about Defendant KidKraft, Inc. but did not recall the precise content of those updates.").  As Mr. Virtue testified in his declaration and at his deposition, the individuals to ask about those details were Mr. Penn and Mr. Gilbert, the two MidOcean employees who already testified.  In fact, Plaintiffs deposed Penn about the "precise content of those updates" when he was deposed as MidOcean's corporate representative.

3.      There is no showing that any of these non-party investors have ever even heard of the Plaintiffs, much less had any awareness of the events at issue here. Indeed, the MidOcean representatives who provided the investor updates that Plaintiffs now seek to probe have already testified that *they* had never even heard of the Plaintiffs until this case was filed.  These depositions are thus multiple levels removed from anything to do with the Plaintiffs.

4.      Plaintiffs' Amended Notice of Intent to Serve Subpoenas *Duces Tecum* with attached deposition subpoena notices (attached hereto as Exhibit 1) was served on July 23, 2020, and seeks depositions and document production by next Friday, July 31, 2020.[1]  After *first* serving that Notice, Plaintiffs *then* seek leave of Court to permit those depositions.

5.      As reflected in Exhibit 1, all of the subpoena targets are national financial institutions. None are based in Florida.  None are listed on the Rule 26 witness list for any party.  None has had any direct interaction with any of the Plaintiffs.  They are merely non-party investors.

---

[1] The original Notice was served on July 22, 2020.

## ARGUMENT AND MEMORANDUM OF LAW

A.    Plaintiffs Fail To Meet Their Burden For Obtaining Leave for Additional Depositions

This is not a litigation about MidOcean Fund IV's acquisition of KidKraft.  It is not about MidOcean's investors' decisions to invest with MidOcean Fund IV.  It is about Plaintiffs' allegations about the purported toy kitchen market and alleged actions by KidKraft and whether it somehow conspired with its majority owner, MidOcean Fund IV, at a KidKraft board meeting.  At best, any conversations between MidOcean and its investors is background.  Moreover, the background has already been explored at great length through the depositions of Mr. Penn and Mr. Gilbert, who led those conversations.  Plaintiffs have already used up almost all (9 of 10) of their allotment of depositions and are seeking to expand those limits to take non-party depositions to pursue an irrelevant and duplicative inquiry.

This collateral inquiry is not sufficient grounds to exceed the 10-deposition limit.  As explained by Magistrate Judge Goodman in *Procaps S.A. v. Patheon Inc.*, 2014 WL 1237553, at *4 (S.D. Fla. Mar. 26, 2014),

> A court may grant additional depositions only to the extent that it is consistent with Rule 26(b)(2).  Under Rule 26, the court must limit discovery if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.…
>
> The party seeking more than 10 depositions must justify the necessity of each prior deposition taken without leave of court and must make a particularized showing why the extra depositions are necessary. *Gordilis v. Ocean Drive Limousines, Inc.*, 2013 WL 6383973, at *1 (S.D. Fla. Dec. 5, 2013) (internal citations omitted).  As Judge Rosenbaum cogently pointed out, the reason a party has to justify its prior depositions is because "a party could circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under Rule 26(b)(2) standards, and then seek[] leave to exceed the limit in order to take depositions that she could substantiate." *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010) (quoting *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001)).

3

*See also Mazur v. Lampert*, 2007 WL 676096, at *2 (S.D. Fla. Feb. 28, 2007) (denying motion to exceed deposition limit and stating that parties "must always assess whether or not a deposition of that witness is truly necessary."); *Plaseyed v. PCA Nat'l LLC*, 2006 WL 8434621, at *2 (S.D. Fla. Mar. 2, 2006) (denying motion to exceed deposition limit because plaintiffs failed to make requisite  "particularized showing of why extra depositions are necessary.").

Plaintiffs' Motion completely *ignores* these requirements.[2]

First, they do not address, explain or "justify" their previous nine depositions that have already been taken.  Leave must be denied on this basis alone.  *See Madison v. Jack Link Assocs. Stage Lighting & Prods., Inc.*, 297 F.R.D. 532, 535 (S.D. Fla. 2013) (holding that "a party seeking leave of court to exceed the [ten]-deposition limitation" must "justify the necessity of each deposition *previously taken* without leave of court.").

Second, they do not explain why their full examinations of both Mr. Penn and Mr. Gilbert on the same collateral issues were not sufficient.  *See Siegel v. Truett-McConnell College, Inc.*, 13 F. Supp. 2d 1335, 1338 (N.D. Ga. 1994) (denying motion because "[t]he burden of the proposed discovery outweighs its likely benefit because the proposed depositions are not relevant …and create[s] a financial burden and disruption to defendants"). Mr. Penn, as the MidOcean 30(b)(6) representative, testified as to conversations with investors.  *Ex. 2* (D. Penn, "I recall speaking to them [investors] about the company [KidKraft] and providing them information to help them evaluate whether or not to make an investment or not."  106:13–23).  Further, Mr. Virtue testified that Mr. Penn is the person to ask such questions.  *Ex. 3* (Q: "If there was a discussion about KidKraft on calls with limited partners or investors would Daniel Penn or Drew Gilbert typically lead those discussions?...T. Virtue: Typically, yes. Q: If someone wanted to know the details of discussions about KidKraft on a call with limited partners or investors would Daniel Penn and Drew Gilbert be the best people to ask about that? ... T. Virtue: Yes." T. Virtue R. Tr. 320:18–321:6).

Plaintiffs' Motion seeks a remedy that should be (and is) difficult to obtain and makes no effort to satisfy their burden.  As a result, Plaintiffs' Motion should be denied.

---

[2] The Motion cites *In re Takata Airbag Products Liab. Litig.* as sole caselaw support, but there, leave was sought at the beginning of the case but denied without prejudice, with the court noting that "having no limits on the number of depositions could cause discovery to drag on in an inefficient manner."

**B.     The Requested Depositions are Unnecessary and Harassing**

The Court has broad authority to limit discovery when the information sought can be obtained from "some other source that is more convenient, less burdensome, or less expensive." Rule 26(b)(2)(C).  Where there is good cause, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* at 26(c)(1).  Plaintiffs' targeting of non-party investors in MidOcean Fund IV presents an obvious risk of harassment, as Plaintiffs seek to use discovery as a weapon to impose ever-expanding costs on Defendants and now MidOcean's investors. The background issues that Plaintiffs seek to explore with these non-parties have already been fully explored in the prior depositions of Penn and Gilbert.  As aptly stated in *O'Boyle v. Sweetapple*, 2016 WL 492655, at * 5 (S.D. Fla. Feb. 8, 2016), further discovery on these topics "would cause the parties to run down a rabbit hole chasing irrelevant information on collateral matters, resulting in the needless and wasteful expenditure of time and money by the parties."  If the Motion is denied, Plaintiffs would have *one* additional deposition left.  But it should not be of a MidOcean Fund IV investor.  To the extent not otherwise barred by L.R. 26.1(h) (as explained below), a protective order should be issued and the subpoenas should be quashed.

**C.     Defendants Move for a Protective Order As the Depositions Violate Local Rule 26.1(h)**

Plaintiffs failed to comply with the Local Rules requiring that reasonable notice be provided before a deposition.  The investors are located outside of Florida and their identities were produced to Plaintiffs months ago.  Accordingly, Plaintiffs failed to give reasonable notice of such depositions under the L.R. 26.1(h). *See id.* ("[A] party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent (if the deposition is not of a party).").  Here, Plaintiffs seek to take these depositions on July 31, 2020 after providing notice of less than 14 days-on July 22.  This violates L.R. 26.1 and is express grounds for a protective order. *See id.* (indicating that a "[f]ailure to comply with this rule obviates the need for protective order.").  This is just another example of Plaintiffs' harassment tactics at the eleventh hour, days before the discovery cutoff (which was already extended by request of Plaintiffs).  As a result, Defendants request the Court not allow any depositions of the five entities go forward.

<u>CONCLUSION</u>

In his *Procaps* ruling (at *1), Judge Goodman aptly summarized the present situation:

*"Please, sir, I want some more."*
Nine-year-old Oliver, in Charles Dickens' Oliver Twist, Ch. 2 (1838).
…
Unlike the fictional Oliver, who was suffering the torture of slow starvation, [Plaintiff] has feasted on a healthy discovery diet and cannot be said to be malnourished for discovery.

Plaintiffs need to stop jumping down rabbit holes. The Court should: (a) deny the Motion for Leave; (b) enter a protective order precluding Plaintiff from deposing the Mid-Ocean Fund IV limited partners; (c) award Defendants their attorneys' fees and costs incurred in prosecuting this Motion under Federal Rule of Civil Procedure 37(a)(5); and (d) any further relief that this Court deems just and proper.

<u>CERTIFICATE OF ATTORNEY CONFERENCE</u>

I HEREBY CERTIFY that, pursuant to the Local Rules, counsel for Defendants certifies that he conferred with counsel for Plaintiffs telephonically on July 23, 2020 in a good faith effort to resolve the issues raised by the instant motion. The parties were unable to resolve their dispute.

DATED:  July 24, 2020              Respectfully submitted,

                                   */s/ Joshua Lipton*
                                   Joshua Lipton (*Pro Hac Vice*)
                                   GIBSON DUNN & CRUTCHER LLP
                                   1050 Connecticut Avenue, N.W.
                                   Washington, DC 20036-5306
                                   Telephone:   202.955.8500
                                   Facsimile:     202.467.0539
                                   jlipton@gibsondunn.com

                                   Scott K. Hvidt (*Pro Hac Vice*)
                                   GIBSON DUNN & CRUTCHER LLP
                                   2001 Ross Avenue
                                   Dallas, Texas  75201-6911
                                   Telephone:  (214) 698-3317

Facsimile:  (214) 571-2981
shvidt@gibsondunn.com

-and-

Lawrence D. Silverman, Esq.
Florida Bar Number:  7160
Email:  lawrence.silverman@akerman.com
Alexandra M. Mora, Esq.
Florida Bar Number:  052368
Email:  alexandra.mora@akerman.com
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Suite 1100
Miami, FL  33131
Phone:  (305) 374-5600
Fax:  (305) 374-5095

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of July, 2020, a true and correct copy of the foregoing brief was served via the Court's CM/ECF System upon all counsel of record.

<u>/s/ Alexandra M. Mora</u>
Alexandra M. Mora