UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC, and
NAOMI HOME, INC.,

       Plaintiffs,

v.

KIDKRAFT, LP; and
MID-OCEAN PARTNERS, LP,

       Defendants.

_____/

## ORDER ON EXPEDITED MOTION FOR SANCTIONS[1]

This matter is before the Court on Plaintiffs' Sealed Expedited Motion for Sanctions. (ECF No. 217) The Honorable Marcia G. Cooke, United States District Judge, has referred this motion to the undersigned for appropriate resolution.

In their Motion, and Exhibit B to the Motion, Plaintiffs list documents produced by Defendants in compliance with this Court's Order, ECF No. 180, that are allegedly relevant to Plaintiffs' claims. Plaintiffs' Motion seeks sanctions against Defendants for failing to produce those responsive documents earlier. Plaintiffs' Motion is premised upon a misinterpretation of the undersigned's statement at the July 1, 2020 hearing. Plaintiffs quote only a portion of this Court's ruling in their Motion. Plaintiffs assert that this Court stated that "if it turns out that among those documents there are items that should have been turned over and that comes to the attention of the plaintiffs,

---

[1] The undersigned notes that this Order does not need to be sealed in that the Court will not be referring to any of the redacted information cited.

then I would consider imposing sanctions." (ECF No. 217 at 3) Plaintiffs end the quote with a period, present only part of the sentence transcribed and is taken out of context. The correct quote states "Now, if it turns out that among those documents there are items that should have been turned over and that comes to the attention of the plaintiffs, then I would consider imposing sanctions**, but there is nothing in the record now to persuade me that they can't comply with their own proposal.**" (emphasis added) (ECF No. 216-1 at 39; 18-22)

Plaintiffs' argument that this Court indicated that it would consider imposing sanctions if Defendants identified additional relevant documents in compliance with this Court's Order is without merit. At the hearing, Plaintiffs expressed a concern that Plaintiffs had no faith that Defendants would produce all documents required by this Court. The undersigned did not find any reason to conclude that Defendants would not fully comply with the mandates of this Court's ruling. Rather, the statement quoted above, taken out of context, referred to the situation where, if after Defendants' complied with this Court's Order at ECF No. 180, Plaintiff would thereafter discover that other documents were not produced that should have been produced pursuant to this Court's Order then, at that time, a question could be raised as to the circumstances surrounding the alleged failure. The Court at no time made any statement indicating that if responsive documents were produced in compliance with this Court's Order that the undersigned would entertain sanctions against Defendants.

Accordingly, having carefully considered the Motion, the court file and the applicable law, and finding that no response is necessary, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Expedited Motion is DENIED in its entirety. Further, Defendants' Motion to Extend Deadline to File Response to Plaintiffs' Motion for Sanctions is DENIED AS MOOT.

DONE AND ORDERED at Fort Lauderdale, Florida this 30th day of July, 2020.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Marcia G. Cooke
All Counsel of Record and/or Pro Se Parties