UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:19-CV-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC,
and NAOMI HOME, INC.,

    Plaintiffs,

v.

KIDKRAFT, INC., and
MIDOCEAN PARTNERS IV, L.P.,

    Defendants.

_____/

## PLAINTIFFS' EXPEDITED MOTIONS TO BIFURCATE ENTITLEMENT AND AMOUNT AND OTHER RELIEF

With respect to Defendant MidOcean Partners IV, L.P.'s ("MidOcean") Motion for Attorneys' Fees and Litigation Costs (ECF 266) ("Motion"), Plaintiffs hereby "move the Court to determine entitlement prior to submission on the issue of amount," S.D. Fla. L.R. 7.3(a); Fed. R. Civ. P. 54(d)(2)(C), and to allow filing of the brief in opposition that focuses on entitlement within 14 days of the Court's order on this motion.

In the event this relief is denied, Plaintiffs request that the Court defer any briefing and determination on amount until after the pending appeal is resolved.

If the Court is not inclined to extend the time to respond after the appeal is decided, Plaintiffs' request that their time to respond to Defendant's Motion be extended to 30 days from the date of the Court's Order.

Plaintiffs make these motions on an expedited basis, as their response to MidOcean's Motion is presently due on July 2, 2021. S.D. Fla. L.R. 7.3(a).

## INTRODUCTION

On February 7, 2019, Plaintiffs OJ Commerce, LLC ("OJC") and Naomi Home, Inc. ("NH") filed a Complaint against Defendants MidOcean and KidKraft, Inc. ("KidKraft") alleging five claims: (1) Monopolization (against KidKraft); (2) Attempted Monopolization (against KidKraft); (3) Concerted Refusal to Deal – (against KidKraft); (4) Conspiracy to Commit Concerted Refusal to Deal (against MidOcean); and (5) Tortious Interference with Contract and Business Relationship (against MidOcean). (ECF 1.)

On November 27, 2019, MidOcean, *one* defendant in this case, served a defective offer of judgment under § 768.79, Fla. Stat. and Rule 1.442 of the Florida Rules of Civil Procedure to OJC, *one* plaintiff in this case. (ECF 266-2, pp. 52-56 of 519.) This defective offer purported to resolve just *one* claim (Count V) that only *one* plaintiff (OJC) had brought against just MidOcean. (*Id.*; ECF 1, pp. 12-13.) In sum, the claim it purported to resolve was an ancillary claim that should have constituted a tiny fraction of the work done by defense counsel, Gibson Dunn & Crutcher and Akerman. The "offer" was not made in good faith as, *inter alia*, it purported to resolve this claim for just $1,000. (ECF 266-2, p. 53 of 519.) OJC did not accept the offer.

On March 31, 2021, this Court granted Defendants' Motion for Summary Judgment on all of Plaintiffs' claims (Counts I – V) finding that, while OJC may have been harmed, competition itself had not been harmed. (*Compare* ECF 255 *with* ECF 1.) Plaintiffs have filed a notice of appeal, and the opening brief before the Eleventh Circuit is due on July 14, 2021. (*See* ECF 256.)

Relying on its defective offer of judgment, MidOcean has seized on the summary judgment order to try and inappropriately recover all the exorbitant and unreasonable fees

and expenses incurred in defending **both** defendants against **every** claim in the case by **both** plaintiffs.  Specifically, MidOcean is now seeking **$5,070,874.45** in attorneys' and paralegal fees and untaxable costs, which according to MidOcean represents the amount of "fees and costs incurred throughout the course of the litigation *by both MidOcean and KidKraft*." (ECF 266, p. 17 of 30 (emphasis added).)  "MidOcean" (but in reality, both Defendants) has submitted **1,090 pages** in support of its Motion, including over **270 pages** of attorneys' fee invoices, containing thousands of individual time entries, and **dozens more** related to document review, expert fees, mediation, and other costs – essentially every fee and expense allegedly incurred by **both** Defendants in the **entire** case.

As already conveyed to MidOcean, there are numerous reasons that MidOcean itself is not entitled to any fees from this litigation. For example, the offer of judgment was defective in way that Florida courts have found render them unenforceable, *e.g.,*

- it failed to encompass all claims at issue in the case, *see, e.g., In re Amendments to the Florida Rules of Civil Procedure*, 131 So. 3d 643, 644 (Fla. 2013) (amending Rule 1.442 "*to curtail partial proposals for settlement* and to comport with section 768.79(2), Florida Statutes (2012), which states, in pertinent part, that "[t]he offer [to settle] shall be construed as including all damages which could be awarded in a final judgment" (emphasis added));

- it was not made in good faith, *see, e.g., Eagleman v. Eagleman*, 673 So. 2d 946, 948 (Fla. 4th DCA 1996) ("The offer bore no reasonable relationship to the amount of damages or realistic assessment of liability."); and

- it incorrectly stated that there was no punitive damages claim and therefore stated it wasn't offering anything to resolve that claim, *see, e.g., R.J. Reynolds*

3

*Tobacco v. Ward*, 141 So. 3d 236, 239-40 (Fla. 1st DCA 2014) (reversing award of attorney's fees and costs because "[t]he offers of judgment … did not 'state with particularity the amount offered to settle a claim for punitive damages" (citing § 768.79, Fla. Stat. and Fla. R. Civ. P. 1.442(c)(2)(E))).

Given the serious issues surrounding MidOcean's entitlement to any fees at all in the case, and given that the Motion inappropriately seeks every fee and expense related to every claim based on an offer of judgment as to one claim against one party, Plaintiffs request bifurcation of the issues of entitlement and amount and "move the Court to determine entitlement prior to submission on the issue of amount," S.D. Fla. L.R. 7.3(a); Fed. R. Civ. P. 54(d)(2)(C). If the Court grants this motion, OJC will file its opposition brief on entitlement within 14 days of the Court's order.[1]

## ARGUMENT

"Under the 'American Rule,' a prevailing party generally cannot recover its attorney's fees from its opponent absent a fee-shifting agreement or statute." *See, e.g., Rothenberg v. Sec. Mgmt. Co.*, 736 F.2d 1470, 1471 (11th Cir. 1984). "Thus, the threshold issue on a motion for attorney's fees and costs by a purported prevailing party is always entitlement." *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461, 2014 WL 6968073, at *3 (S.D. Fla. Dec. 9, 2014). The "same guidelines" for bifurcating trials "have also been applied when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-21142, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013). "The Court may bifurcate motions for attorney's fees and costs into entitlement and amount '[f]or convenience, to avoid prejudice, or to expedite and

---

[1] If Plaintiffs' motion is denied, Plaintiffs seek other extensions of time as detailed below.

4

economize.'" *Rural Int'l Bank Ltd. v. Key Financial Investment Group, LLC*, No. 16-22280-CIV-COOKE/TORRES, 2018 WL 1876732, at *3 (S.D. Fla. Feb. 9, 2018) (quoting Fed. R. Civ. P. 42(b)). Motions to bifurcate the issues of entitlement to and amount of attorney's fees have been granted where the movant demonstrated that, due to the complexity of the case, determining the appropriate amount of attorney's fees would require substantial time and resources by the parties and the court. *See, e.g., Gables Ins. Recovery*, 2013 WL 4068786, at *3 (citing *Rolls-Royce Commercial Marine, Inc. v. N.H. Ins. Co.*, No. 09-61329-CIV-ALTONAGA/BROWN, ECF Nos. 119; 134 (S.D. Fla. Mar. 23, 2011) and *Victory Int'l, LLC v. Perry Ellis Int'l, Inc.*, No. 08–20395–CIV–HUCK/O'SULLIVAN, ECF No. 400 (S.D. Fla. Dec. 19, 2008)).

Under those standards, MidOcean's Motion should be bifurcated. Importantly, all parties agree that this case is complex. (*See* ECF 266, p. 9 of 30 ("The fees in this case were substantial, because of its complexity.") and ECF 142 (this case is a "complex antitrust lawsuit").) This complexity is borne out in MidOcean's Motion and its related submissions, which total **1,090 pages** and **many thousands** of time entries. (ECF 266, 266-1 – 266-9.) Furthermore, given MidOcean's inappropriate demand for fees incurred in defending Kidkraft, MidOcean's motion will require the Court to make a threshold determination on entitlement that is wholly separate from the issue of whether any fees should be shifted. Specifically, the Court will have to first determine: (i) whether MidOcean is entitled to fees at all (it's not), and then (ii) which entries MidOcean is entitled to claim (MidOcean cannot claim fees incurred to defend Kidkraft or for fees incurred in defending MidOcean from the federal antitrust claims).

Specifically, before any amount of fees and costs might be discerned from the vast number of time entries and documents submitted, MidOcean must first establish that it is entitled to *any* fees and untaxable costs. *See Sodikart USA*, 2014 WL 6968073, at *3 ("the threshold issue on a motion for attorney's fees and costs by a purported prevailing party is always entitlement"). In a situation very similar to this one, for example, "the Court [found] that bifurcation of the issues of entitlement to and amount of attorney's fees is proper." *B&D Nutritional Ingred., Inc. v. Unique Bio Ingred., LLC*, No. 16-62364, 2018 WL 1631377, at *1 (S.D. Fla. Jan. 25, 2018). In that case, like here:

> Defendants are seeking attorney's fees pursuant to Florida offer of judgment statute, Fla. Stat. § 768.79. This will require the Court to evaluate the terms of the offer of judgment served by Defendants and whether fees are appropriate under the Florida statute. This threshold issue is properly resolved before the parties engage in litigation over the amount of attorney's fees.

*Id.* The Court went on to find that "[i]n the event that the Court finds that attorney's fees are appropriate under Fla. Stat. § 768.79, a determination of the amount will be appropriately deferred until the appeal is finally resolved." *Id.*

Likewise, in this case, there are threshold, significant questions as to whether a facially defective partial offer of judgment—served by one defendant against one plaintiff as to one claim without good faith—under Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442 is valid. *See* Fla. R. Civ. P. 1.442(c)(2)(B) (a valid "proposal shall state that the proposal resolves *all damages* that would otherwise be awarded *in a final judgment in the action in which the proposal is served*." (emphasis added)); Fla. Stat § 768.79(2) ("the offer shall be construed as including *all damages* that may be awarded in a final judgment"); *In re Amendments to the Florida Rules of Civil Procedure*, 131 So. 3d 643, 644 (Fla. 2013) (amending Rule 1.442 "*to curtail partial proposals for settlement* and to comport with section 768.79(2), Florida Statutes (2012), which states, in

6

pertinent part, that "[t]he offer [to settle] shall be construed as including all damages which could be awarded in a final judgment" (emphasis added)). Accordingly, the threshold issue of entitlement should be determined prior to amount. Indeed, bifurcating the issues of entitlement and amount will "expedite and economize" by potentially mooting, and thereby avoiding, unnecessary briefing (and potential expert testimony) about the amount of fees, the hours spent, and the rates charged. *See, e.g., Rural Int'l Bank*, 2018 WL 1876732, at *3 (collecting cases); *see also* Fed. R. Civ. P. 42(b); *Rolls-Royce Commercial Marine, Inc. v. N.H. Ins. Co.*, No. 09-61329-CIV-ALTONAGA/BROWN, ECF Nos. 119; 134 (S.D. Fla. Mar. 23, 2011).

Moreover, in the unlikely event that the Court finds that attorneys' fees are appropriate under Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442, Plaintiffs requests that their brief in opposition to the proposed amount be deferred until after the appeal to the Eleventh Circuit is finally resolved. *See B&D Nutritional*, 2018 WL 1631377, at *1. Without such a final appellate decision, the parties and this Court could expend substantial resources briefing and analyzing amounts only for those to become moot if the Eleventh Circuit returns the case to this Court. Thus, the requested deferral protects time and resources, without causing any prejudice while the parties address issues on appeal with the Eleventh Circuit.

Finally, if the requested deferral is likewise denied, Plaintiffs' response to MidOcean's Motion is due on July 2, 2021. Due to the significant issues of entitlement to be addressed in that response, the overall complexity of the case, and the upcoming Fourth of July weekend, Plaintiff asserts that there is good cause for extending Plaintiffs' time to respond to MidOcean's Motion by 30 days from the date of the Court's Order on this motion.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that (a) entitlement and amount be bifurcated, (b) Plaintiffs deadline to file its opposition on entitlement be extended 14 days from the Court's order on this motion and the Court defer any briefing on amount until after the appeal is resolved or entitlement is decided, (c) if that relief is denied, that any opposition to MidOcean's Motion be deferred until after the pending appeal is finally resolved, and (d) if that request is likewise denied that Plaintiffs' time to respond to MidOcean's Motion be extended 30 days from the date of the Court's Order on this motion, due to the enormity of MidOcean's submission.

## REQUEST FOR EXPEDITED RULING

Because their response to MidOcean's Motion is currently due on July 2, 2021, 10 days from now, Plaintiffs request, pursuant to S.D. Fla. L.R. 7.1(d), for this motion to be decided on an expedited basis. Due to the pending deadline, an expedited ruling is, therefore, requested by June 30, 2021.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), I hereby certify that counsel for movant conferred, on June 22, 2021, with Defendants' counsel in a good faith effort to resolve the issues raised in the motion. Defendants' counsel communicated that they oppose bifurcation and any deferment pending finalization of the appeal, but do not oppose the alternate relief seeking an extension of time to respond to the Motion in its entirety.

Dated: June 22, 2021

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman
Florida Bar No. 99762
Constantine Economides

Florida Bar No. 118177
**ROCHE FREEDMAN LLP**
P.O. Box 654139
Miami, FL 33265
vel@rcfllp.com
ceconomides@rcfllp.com

Shlomo Y. Hecht, P.A.
Florida Bar No.: 127144
11651 Interchange Cir S
Miramar, FL 33025
Phone: 954-861-0025
Fax: 615-413-6404
Email: sam@hechtlawpa.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          */s/ Velvel Freedman*
                                          VELVEL (DEVIN) FREEDMAN