UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-60341-CIV-COOKE/SNOW

OJ COMMERCE LLC
and NAOMI HOME, INC.,

       Plaintiffs,

vs.

KIDCRAFT, INC. and
MIDOCEAN PARTNERS
IV, L.P.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Defendant MidOcean Partners IV, L.P.'s Motion for Attorneys' Fees and Litigation Costs (ECF No. 266),which was referred to United States Magistrate Judge, Lurana S. Snow.  The Motion is fully briefed and ripe for consideration.

## I. PROCEDURAL BACKGROUND

The Plaintiffs brought this action by Complaint filed February 7, 2019 against the Defendants for alleged violations of the Sherman Act. (ECF No. 1)  They asserted that MidOcean Partners IV, L.P. ("MidOcean") violated the Act by conspiracy to commit concerted refusal to deal (Count IV), and also asserted a state law claim of tortious interference with a contract and business relationship (Count V).  These claims arose from the alleged marketplace actions of Co-Defendant Kidcraft, Inc.

("Kidcraft"), a portfolio company of MidOcean.  MidOcean was not named in Counts I -

III of the Complaint, which contained Sherman Act claims against Kidcraft only.

MidOcean and Kidcfaft were jointly represented by the law firms of Gibson Dunn and

Ackerman.

On November 27, 2019, MidOcean offered the Plaintiffs $1,000.00 to settle the

case as the Plaintiffs' Count V (the state law claim), which was declined.  On March

31, 2021, the Defendants' Motion for Summary Judgment was granted on all claims

against both Defendants. (ECF No. 255) The Order granting the Motion  notes  that

the Plaintiffs' Count V claim for tortious interference with contract and business

relations depended on their success on the antitrust claim asserted in  Count  IV.

Since that claim had failed, the Plaintiffs could not prevail on the state law claim. Id.

at 8.  MidOcean bases its claim for fees and  expenses  on  the Florida Offer of

Judgment Statute, Fla. Stat. § 768.79, which authorizes such a claim when a party

fails to recover at least 75% of the opponent's offer of judgment. MidOcean seeks

attorney and paralegal fees in the total amount of $4,087,135.01, representing an

average billing rate $680.40 per hour for 4,020.6 hours of work by Gibson Dunn and

an average hourly rate of $381.25 for 1,526.60 hours of work by Ackerman.  MidOcean

also seeks nontaxable costs in the amount of $983,739.44, for a total fees and  claim of

$5,070,874.45  (ECF No. 266 at 9)

To establish the reasonableness of these requests, MidOcean states:

> Antitrust litigation is . . . expensive to defend against
> claims of the nature of those launched by Plaintiffs against
> Defendants, particularly when Plaintiffs pursue discovery

2

> as extensive as they sought here against MidOcean and Kidcraft.
>
> Morever, the stakes in this case were very high. . . . Plaintiffs' initial damage disclosures claimed over $79 million in compensatory damages which, if successful, would have been trebled under the antitrust laws for a potential recovery in excess of $237 million.

Id. at 12.  MidOcean contends that the instant Motion should be granted summarily based on the Plaintiff's failure to comply with Local Rule 7.3.

In response, the Plaintiffs argue that MidOcean's offer of judgment was defective for several reasons: (1) Florida's Offer of Judgment statute is pre-empted by the Sherman Act; (2) MidOcean's offer did not comply with the statute because it would not have resolved all damages that otherwise would have been awarded in a final judgment and because it excluded punitive damages, and (3) the Offer is unenforceable because it was not made in good faith.  The Plaintiffs also contend that MidOcean is not entitled to "fees on fees" for litigating the amount of attorneys' fees to which it is entitled; Gibson Dunn's hourly rates exceed those charged by comparable South Florida attorneys; the hours claimed are excessive and duplicative, and the billing statements are inadequate because of consistent block billing.  The Plaintiffs also argue that MidOcean's claimed costs are not recoverable or should be greatly reduced.  The Plaintiffs do not address their own alleged failure to comply with Local Rule 7.3.

## II. <u>DISCUSSION</u>

### A. <u>Fla. Stat. § 768.59</u>

The Defendants contend that they are entitled to an award of attorneys' fees pursuant to Fla. Stat. § 768.79 (2021), Florida's offer of judgment statute. The Defendants correctly point out that this statute is substantive, and thus applies in federal diversity cases. <u>Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co.</u>, 82 So. 3d 73 (Fla. 2012). Pursuant to Fla. Stat. § 768.79 (6)(a),

> If a defendant serves an offer which is not accepted by the plaintiff and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorneys' fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served. . . .

Since the judgment awarded to the Plaintiff was $0, it clearly was less than 25% of the $1,000.00 offer of judgment extended by the Defendants.

Subsection (2) of the statute requires that the offer "state with particularity the amount offered to settle a claim for punitive damages, if any," that the offer "shall be construed as including all damages which may be awarded in a final judgment." Moreover, offers made under § 768.79 are governed by Fla. R. Civ. P. 1.442(c) (1)–(2), which requires that the offer be in writing and identify the Florida law under which it is being made, and that it

> (A) name the party or parties making the proposal and the parties to whom the proposal is being made;
>
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

4

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorney's fees and whether attorneys' fees are part of the legal claim; and

(G) include a certificate of service in the form required by Florida Rule of Judicial Administration 2.516.

The Court may refuse to award fees and costs if it determines that the offer was not made in good faith.  Fla. Stat. § 768.79 (7)(a).  In the instant case, the Plaintiffs contend that MidOcean's offer of judgment was not tendered in good faith, and also that it violated § 768.79 and Rule 1.442(c)(2)(B) and (E) because it did not resolve all damages that would otherwise be awarded in a final judgment in the action and did not state with particularity the amount proposed to settle a claim for punitive damages.  The Plaintiffs also argue that § 768.79 is pre-empted by federal antitrust law.

1. Resolution of All Damages in the Case

The Plaintiffs' most persuasive argument is that MidOcean's Offer of Judgment (ECF No. 285-2) did not state that it resolved all damages that would otherwise be awarded in a final judgment in the action.  The Offer  states, in pertinent part:

3. This Offer seeks to fully and finally settle and resolve OJC's claim made for Tortious Interference With Contract and Business Relationship against MidOcean (Count V of the Complaint), including any and all claims for economic damages, including compensatory damages, special

5

> damages and consequential damages, court costs, prejudgment interest,
> and any requests for other relief from the Court in connection with the
> claim asserted in Count V of the Complaint that would otherwise be
> awarded in a final judgment for OJC and against MidOcean.

Id. at 1. There is no mention of the federal claim in Count IV of the Complaint, alleging

violation of the Sherman Act by MidOcean, and the Plaintiffs argue that this omission

is fatal.  MidOcean's response, by way of a footnote, is that "[a]n offer of judgment

cannot include federal claims, therefore only the tortious interference claim could be

included." (ECF No. 266 at 7 n.9) MidOcean reasons that because the offer of judgment

encompassed all claims it was permitted to include, it was sufficient under the

applicable statute and rule.  Id.

This reasoning is circular, if not disingenuous.  In Harrington v. Roundpoint

Mortg. Servicing Corp., the plaintiff alleged that the defendants violated the federal

Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection

Practices Act (FCCPA), and the court entered judgment in favor of the Defendants on

both counts. Harrington v. Roundpoint Mortg. Servicing Corp., No. 2:15-cv-322-FtM-

28MRM, 2018 WL 4100957 (M.D. Fla. Aug. 9, 2019).   The Defendants sought an

award of attorneys' fees and costs pursuant to Fla. Stat. § 768.79 based on an offer

judgment that was explicitly limited to the state FCCPA claim.  The Plaintiff argued

that the offer was invalid because it failed to encompass the federal claim.

The court first noted that while the Eleventh Circuit had held § 768.79 to be

substantive in nature and thereby applicable under Erie R.Co. v. Tompkins, 304 U.S.

64 (1938), it had not made a determination on the nature of Rule 1.442(c)(2)(B).

However, in <u>Primo v. State Farm Mut. Ins. Co.</u>, the appellate court stated that while it need not decide the issue, "Rule 1.442(c)(2)(B) is likely substantive." <u>Primo v. State Farm Mut. Ins. Co.</u>, 661 F. App'x 661, 664 n.4 (11th Cir. 2016). The <u>Harrington</u> court found both the statute and the rule to be substantive law, and applied the "'outcome determinative test' to evaluate whether the Rule's application would be so important to the outcome that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose federal court." <u>Harrington</u>, 2018 WL 4100957 at * 4 (citing <u>Horowitch v. Diamond Aircraft Indus., Inc.</u>, 645 F.3d 1254, 1258 (11th Cir. 2011)). The court found that the question posed by this test must be answered in the affirmative because without a statement that an offer resolves all damages, "an offeree cannot properly evaluate an offer because certain claims remain unresolved." <u>Id.</u> Accordingly, the court found the Defendants' partial offer of judgment which applied only to the state claim was unenforceable.

<u>Harrington</u> is consistent with the Florida Supreme Court's order <u>In re Amendments to Fla. R. Civ. P.</u>, 131 So. 3d 643, 643–44 (Fla. 2013), adopting the 2013 amendment to Rule 1.442 which deleted "the requirement that the proposal for settlement 'identify the claim or claims the proposal is attempting to resolve' and replace[d] it with the requirement that the proposal 'state that [it] resolves all damages that would otherwise be awarded to a final judgment in the action.'" The Supreme Court noted that there were two purposes for this substitution: to curtail partial proposals for settlement and to ensure that the rule comported with the corresponding provision of § 768.79, which states that an offer of judgment is

construed as including all damages which could be awarded in a final judgment. Id. at 644. Moreover, the Florida Supreme Court has held that because the language of § 768.79 and Rule 1.422 are in derogation of common law, it must be strictly construed, and even a technical violation will invalidate an offer. Campbell v. Goldman, 959 So. 2d 223, 226–27 (Fla. 2007).

In the instant case, MidOcean implicitly acknowledges the weakness of its argument on this issue by mischaracterizing the purpose of the statute by stating, "Section 768.79 provides a mechanism for encouraging early settlement (or partial settlement) of cases by allowing for the recovery of fees from the date an offer under the statute is made." (ECF No. 289 at 4) (emphasis added) Instead, as noted above, the purposes of the 2013 amendment to Rule 1.442 were to curtail partial settlements and to conform the rule to the provisions of the offer of judgment statute. Indeed, even before the 2013 amendment, Florida courts have held that offers of judgment which do not encompass all claims for relief are invalid. See, e.g., Palm Beach Polo Holdings v. Equestrian Club Estates Prop. Owners Ass'n, 22 So. 3d 140 (Fla. 4th DCA 2009); Bayley Products, Inc. v. Cole, 720 So. 2d 550 (Fla. 4th DCA 1998).

The undersigned concludes that because MidOcean's Offer of Judgment failed to resolve all damages which would otherwise be awarded in a final judgment in the case, it violated the provisions of Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442(c)(2)(B) and is unenforceable. The fact that the federal Sherman Act claim could not have been included in the offer under this statute is immaterial, since the Florida statute and rule must be strictly construed and were designed to eliminate partial settlements.

8

Moreover, this case was filed in federal court, where the appropriate vehicle is an offer of judgment under Fed. R. Civ. P. 68.  The fact that MidOcean was unable to avail itself of a more favorable state procedure is not a basis to award attorneys' fees and expenses in derogation of common law.

    2. <u>Bad Faith</u>

The Plaintiffs also contend that MidOcean's $1,000.00 offer of judgment, made early in the litigation, was not made in good faith, noting that proof of the state claim was dependent on the Plaintiff's ability to prove the Sherman Act claim.  Thus,  "the fact that MidOcean is really seeking its fees for defending an antitrust case is undeniable; had OJC accepted MidOcean's offer of judgement, nothing at all about MidOcean's defense would have changed as it would have needed to do the exact amount of work to defend against the antitrust claims." (ECF No. 285 at 4) (emphasis omitted)

As noted earlier, this Court may refuse to award fees and costs if it determines that the offer was not made in good faith.  Fla. Stat. § 768.79 (7)(a). "Although 'nominal offers are suspect where they are not based on any assessment of liability and damages,' they can be valid if the offerors have 'a reasonable basis at the time of the offer to conclude that their exposure was nominal.'" <u>McMahan v. Toto</u>, 311 F.3d 1077, 1083 (11th Cir. 2002) (quoting <u>Fox v. McCaw Cellular Commc's of Fla., Inc.</u>, 745 So. 2d 330, 332 (Fla. 4th DCA 1998)).  This is because "the good faith requirement of § 768.79(7))(a) does not 'demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed

to support a judgment.  The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base the offer.'" McMahan, 311 F.3d at 1083 (quoting Schmidt v. Fortner, 629 So. 2d 1036, 1039 (Fla. 4th DCA 1993)).

Nevertheless, an "offer of judgment ought to fairly account for the risk of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle," and "should be sufficient to cause a temperate and knowledgeable attorney to pause and carefully evaluate his client's stance." Stouffer Hotel Co. v. Teachers Ins., 432 F. Supp. 874, 875 (M.D.Fla. 1995).  Although not controlling on this issue, the reasonableness of the Defendants' assessment of their exposure may be bolstered by the fact that they obtained a favorable judgment. McMahan, 311 F.3d at 1083–84. The burden of proving  that an offer was not made in good faith is on the offeree.  Id. at 1083; Schmidt, 629 So. 2d at 1041 n.6.

The Plaintiffs cite several cases which they contend support a finding of bad faith in this case.  In JES Props., Inc. V. USA Equestrian, Inc., 432 F. Supp. 2d 1283 (M.D. Fla. 2006), the complaint contained several counts alleging violation of the Sherman Act, the Florida Antitrust Act and the Florida Deceptive and Unfair Trade Practices Act (FDUPTA).  The defendants tendered offers of judgment proposing to settle five of these claims for $500 each.

The court rejected the defendants' motion for attorneys' fees  and costs under § 768.79, noting first that the Defendants had failed to state the basis for their belief that their exposure was nominal.  Id. at 1295.  The court went on to point out that

10

"[t]he Florida Supreme Court recognizes 'that attorney fees awarded pursuant to the offer of judgment are sanctions. . . for unreasonable rejections of offers of judgment,'" and "'unnecessarily continuing the litigation.'" Id. (quoting Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 218, 222 (Fla. 2003)).  The court further observed that the case before it was "a complex antitrust case with multiple parties and numerous allegations, requiring lengthy and substantial discovery," and at the time the offers of judgment were served, substantial discovery remained to be completed.  Id. The court concluded that "given the novelty and difficulty of the issues in this case, and the timing and amount of the . . . offers of judgment, that the offers of judgment were not in good faith." Id.[1]

In the instant case, the Plaintiffs point out that MidOcean's Offer of Judgment was served just eight days after this Court denied its motion to dismiss, before any meaningful discovery had been performed and six months before any depositions were taken.  Moreover, no experts had been engaged at the time of the Offer.  The undersigned notes that although MidOcean responds that it had a good faith belief that it would prevail at the time the offer of judgment was made, MidOcean simultaneously justifies its claim for attorneys fees and costs on the ground that this was a complex case involving federal and state law, multiple experts, significant research and nine months of extensive discovery, with a potential exposure of $ 237

---

1. The JES Properties court also held that § 768.79 was pre-empted by federal antitrust law and that the offers of judgment were invalid because they were ambiguous and failed to address the plaintiffs' claims for injunctive relief.  JES Props., 432 F. Supp. 2d at 1293–94.

11

million.  (ECF No. 266 at 3, 17) MidOcean should not be permitted to have it both ways.

It is important to note that MidOcean's  Offer of Judgment applied only to one state law count against one defendant, while the Complaint contains five state and federal counts against two defendants.  Additionally, the parties agree that proof of the state law claim against MidOcean in Count V was wholly dependent on proof of the Sherman Act claim in Count IV, which was not covered by the offer of judgment.  As a result, acceptance of the offer by the Plaintiffs would not have saved either party or the court any time or expense.  MidOcean stood to benefit only if the Plaintiffs rejected the offer and lost the case, creating the opportunity for MidOcean to claim its fees and costs for defending both Defendants on all counts, as it now has done.

Clearly an offer which confers no benefit on anyone unless it is rejected cannot have been made in good faith.  Both state and federal courts have refused to countenance this type of ploy, recognizing that the "spirit of the offer of judgment statute is to encourage litigants to resolve cases early to avoid incurring substantial amounts of court costs and attorneys' fees" by imposing "a penalty for parties who fail to act reasonably and in good faith in settling lawsuits."  Eagleman v. Eagleman, 673 So. 2d 946, 947 (Fla. 4th DCA 1996).  Thus, "an offer of judgment or offer of settlement or the same thing by another name ought to be more than a carefully crafted, cleverly calculated and disingenuous attempt to shift the economic burden of litigation." Stouffer Hotel v. Teachers Ins., 944 F. Supp. 874, 875 (M.D. Fla. 1995). "The point of the statute is not to force plaintiffs into accepting unreasonable offers for fear of

12

having to pay defendants' attorneys fees should they refuse and ultimately obtain a lesser judgment." James v. Wash Depot Holdings, Inc., 489 F.Supp. 2d 1336, 1340 (S.D.Fla. 2007).

Offers such as the one tendered by MidOcean in this case "are not made in a sincere attempt to settle the plaintiffs' claims." Hendrix v. Evenflo Co., This is a good example of why a partial offer of judgment such as the Offer in this case is not permitted under Florida law, as discussed in the preceding section. The undersigned finds that MidOcean's $1000.00 offer of judgment was not made in good faith and should not be enforced.

3. Other arguments

The Plaintiffs also argue that MidOcean's offer of judgment was unenforceable because it excluded punitive damages and was ambiguous, and because § 768.79 is pre-empted by federal antitrust law which does not explicitly permit an award of attorneys' fees to successful defendants.

Regarding the issue of punitive damages, the Offer of Judgment states, "[a]t the present time, there is no claim for punitive damages pending, and thus, no portion of the amount offered . . . is being offered to settle a claim for punitive damages."  (ECF No. 285-2 at 2) The Plaintiffs point out that Count V of the Complaint does include a claim for punitive damages (ECF No. 1 at 13), and argue that MidOcean's Offer was ambiguous because it failed to state whether a separate offer to resolve the punitive damages claim would be forthcoming.  MidOcean responds that the Plaintiffs waived their right to punitive damages by failing to include them in their Rule 26(a)(1)

disclosures.  Thus, a ruling on the Plaintiffs' argument would require this Court to decide whether a claim for punitive damages is extinguished by a plaintiff's failure to include those damages in its Rule 26(a)(1) disclosures.

With respect to preemption, the Eleventh Circuit has not resolved the issue of whether § 768.79 is preempted by federal antitrust law.   However, in  Snyder v. Accord Corp., 811 F. App'x 447, 464 (10th Cir. 2020), the Tenth Circuit rejected the appellant's claim that a Colorado statute permitting a fee award was preempted by federal RICO and antitrust laws.  MidOcean emphasizes that the Sherman/Clayton Act is silent on the issue of fee awards to prevailing defendants, and in a case cited by the court in Snyder, Smith v. Psychiatric Sols, Inc., 750 F.3d 1253, 1257 (11th Cir. 2014), the Eleventh Circuit found that a federal  statute's  silence  does not serve as an implicit prohibition against awarding attorneys' fees when authorized elsewhere. Based on this reasoning, the undersigned believes it likely that the Eleventh Circuit, if presented with the issue, would hold that federal antitrust law would not preempt the Florida Offer of Judgment statute.

The parties have advanced colorable arguments on both sides of these two issues. Since the undersigned believes that MidOcean's Offer of Judgment clearly was invalid because it fails to include all of the damages which could have been included in a final judgment and because it was not made in good faith, it does not appear to be necessary to resolve these close questions.  Should the District Judge disagree, the Motion can be re-referred for a supplemental Report and Recommendation addressing these issues.

14

B. <u>Local Rule 7.3</u>

MidOcean contends that this Court should grant the instant Motion in its entirety because the Plaintiffs did not comply with the requirements of Local Rule 7.3 because they failed to submit an affidavit regarding their counsel's hourly rates, and failed to make specific objections to the time entries of MidOcean's counsel. The procedure for obtaining an award of attorneys' fees and costs is governed by the Local Rules for this District.  S.D. Fla. R. 7.3(a) sets out the "mechanism to assist parties in resolving fee and costs disputes by agreement" and states that "a motion for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed."

The Rule also sets forth the procedure for filing a response to a fees motion, which requires the respondent to "describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount," and to "provide supporting legal authority."  If the respondent objects to an hourly rate, "its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate."

Local Rule 7.3(b) requires the movant to serve a draft motion for fees to the respondent within 30 days after entry of the final judgment or order.  The parties must then confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920.  Once again, the respondent must

15

"describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.

The Plaintiffs do not contest MidOcean's assertion that they failed to submit an affidavit pertaining to their counsel's hourly rates, or that prior to the filing of the instant Motion they failed to provide specific objections to the time entries of MidOcean's attorneys. The undersigned notes, however, that the Plaintiffs did file an Expedited Motion to Bifurcate Entitlement and Amount and Other Relief (ECF No. 267). The undersigned denied the request to bifurcate as untimely, but in light of the significant amount of fees requested by Defendant, an extension of time to respond to the Motion was granted. For the same reason, the undersigned found that the Plaintiffs failure to comply with all of the requirements of Local Rule 7.3 would not result in a waiver of all their objections to the hourly rates and hours claimed by counsel for the Defendant. (ECF No. 274 at 2)

Thus, the Court already has ruled that the Plaintiffs were entitled to object to the hourly rates and hours claimed by counsel for MidOcean. The undersigned will expand the prior ruling to excuse the Plaintiffs' failure to submit an affidavit as the hourly rates of their attorneys. Especially in view of the undersigned's conclusion that MidOcean is not entitled to any award of attorneys' fees and litigation expenses, MidOcean's argument that the instant Motion should be granted based on the Plaintiffs' violation of Local Rule 7.3 is rejected.

C. Claimed Attorneys' Fees and Nontaxable Costs

Finally, the Plaintiffs contend that MidOcean is not entitled to "fees on fees" for litigating the amount of attorneys' fees to which it is entitled; Gibson Dunn's hourly rates exceed those charged by comparable South Florida attorneys; the hours claimed are excessive and duplicative, and the billing statements are inadequate because of consistent block billing.  The Plaintiffs also argue that MidOcean's claimed costs are not recoverable or should be greatly reduced.

The undersigned notes that the supporting documents in this case comprise hundreds of pages of billing statements and receipts, covering more than 5,500 hours of work and a total claim exceeding $5 million.  (ECF Nos. 266-2; 266-3)  The amount of time required for the Court to review these records and evaluate the Plaintiffs' objections would be considerable, to say the least.  Therefore, the undersigned will address MidOcean's claimed fees and costs upon re-referral if the District Judge determines that MidOcean is entitled to an award.

## III. CONCLUSION

This Court having considered carefully the papers, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Defendant MidOcean Partners IV, L.P.'s Motion for Attorneys' Fees and Litigation Costs (ECF No. 266) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections,  if any, with  the Honorable Marcia Cooke, United States District Judge.  Failure to file

objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 15th day of November, 2021.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia G. Cooke
All counsel of record