UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-60341-Civ-COOKE/SNOW

OJ COMMERCE LLC, and
NAOMI HOME, INC.,

      Plaintiffs,

vs.

KIDKRAFT LP,
and MID-OCEAN PARTNERS LP

      Defendants.
_____/

## ORDER PARTIALLY ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation ("Report") of the Honorable Lurana Snow, U.S. Magistrate Judge (ECF No. 293), regarding Defendant Mid-Ocean Partners IV, L.P.'s Motion for Attorneys' Fees and Litigation Costs (ECF No. 266).

Judge Snow recommends denying the Motion because Mid-Ocean failed to comply with the applicable Florida laws, and because the offer was made in bad faith. Mid-Ocean filed timely objections to the Report, and Plaintiffs filed responses to Mid-Ocean's objections. The Court has considered Judge Snow's Report, Mid-Ocean's objections thereto, and conducted a *de novo* review of the record. As set forth below, Judge Snow's Report is **ADOPTED** *in part*.[1]

It is true that Fla. Stat. § 768.79 applies only to the Florida state law claims—not Plaintiffs' federal claims. However, Fla. R. Civ. P. 1.442(c)(2)(B), which "applies to all proposals for settlement authorized by Florida law", requires that a proposal "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served." Mid-Ocean's offer did not comply with Fla. R. Civ.

---

[1] The Parties are familiar with the history of this matter, some of which is also recounted in Judge Snow's Report. Hence, the Court will not repeat the facts of the case here.

P. 1.442(c)(2)(B), which the Court agrees is substantive and applies to the issue of whether Mid-Ocean is entitled to fees pursuant to Fla. Stat. § 768.79. *See Primo v. State Farm Mutual Automobile Insurance Company*, 661 F. App'x 661, 664 n.1 (11th Cir. 2016).

Mid-Ocean's offer of judgment was expressly limited to the state law claim. According to Mid-Ocean, the offer was limited to the state law claim because it could not include an offer of judgment on the federal claim pursuant to Fla. Stat. § 768.79. Even if this is true, Mid-Ocean was not precluded from complying with Fla. R. Civ. P. 1.442(c)(2)(B)'s requirement that its proposal of settlement resolve all damages that would otherwise be awarded in a final judgment.[2]

Because Mid-Ocean's proposal failed to fully comply with Fla. R. Civ. P. 1.442(c)(2)(B), the offer is unenforceable. Accordingly, the Motion (ECF No. 266) is **DENIED**. Although the Court has doubts as to whether the offer was made in bad faith, it needs not reach the issue. Thus, Judge Snow's Report (ECF No. 293) is **ADOPTED** *in part* as set forth herein.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 16th day of March 2022.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Lurana S. Snow, U.S. Magistrate Judge*
*Counsel of Record*

---

[2] *Hale v. Bay Cty. Sch. Bd. & William Husfelt*, 2019 U.S. Dist. LEXIS 132745 (N.D. Fla. Mar. 25, 2019) is unhelpful to Mid-Ocean. That case relied on Florida state law cases issued before Fla. R. Civ. P. 1.442(c)(2) was amended to include the requirement that an offer of settlement resolve all damages.